ROBERTSON v. MADISON.

A statement or assertion by council in argument to the jury of a fact material to the issue, of which there is no evidence in the case, is outside the limits of legitimate argument, and is sufficient cause for setting aside a verdict in favor of the party chargeable with the error unless it appears that the jury were not affected by it.

CASE, for injuries from a defective highway. The case was tried at the October term, 1890, when the jury failed to agree. The case was tried again at this term, and a verdict returned for the plaintiff. Alphonzo Smith was a witness for the town at each

trial. No evidence was introduced to show that he testified at the present trial in any respect differently from what he did on the former trial. Mr. Nash, in his closing argument to the jury, commenting upon his testimony, said, "And that is not in accordance with what he testified to on the former trial." Counsel for the defendants excepted to this remark. Mr. Nash thereupon said, " I withdraw what I said, and ask you not to consider it."

Mr. Hibbard.—" You must do more than that: you must say it is not true."

Mr. Nash.—" I sha' n't tell an untruth."

Mr. Hibbard and Mr. Hobbs.—" We except to that remark also."

Mr. Nash.—" Now I appeal to the court, and ask to have this fairly understood, and sha' n't proceed until it is."

The court called his attention to *Bullard* v. *Railroad*, 64 N. H. 27, and reminded him that he should withdraw the remark, apologize to the jury for having made it, and request them not to consider it.

Mr. Nash.—" I most willingly do all the court suggests—withdraw the remark, apologize for having made it, and request you not to regard it."

The case was argued late in the afternoon of October 30. The instructions to the jury were given the next forenoon. Through inadvertence the court omitted to instruct the jury to disregard the above mentioned remark of counsel. But, from what occurred on the afternoon previous, the court is of opinion that the jury fully understood that the remark excepted to was to be disregarded. Verdict for the plaintiff, and motion to set aside.

*Josiah H. Hobbs* and *E. A. & C. B. Hibbard*, for the defendants.

*John B. Nash* and *John C. L. Wood*, for the plaintiff.

CLARK, J. The rule that a verdict will be set aside for unwarranted remarks of counsel in argument to the jury, unless it appears that the verdict was not affected thereby, is established by repeated decisions of this court too recent and numerous to need citation. Any statement or assertion of a fact material to the issue of which there is no evidence in the case is outside the limits of legitimate argument, and is sufficient cause for setting aside a verdict in favor of the party chargeable with the error unless it appears that the jury were not affected by it.

The statement of the plaintiff's counsel, in argument, that the testimony of the witness Smith was not in accordance with his testimony on a former trial, was a material statement, unsupported by any evidence in the case, and the error of the counsel must cost the plaintiff the loss of her verdict. Notwithstanding the with-

drawal of the statement upon the objection of the defendants, and the counsel's apology and request to the jury to disregard it, there is nothing indicating that the effect was removed from the minds of the jury.   In the colloquy that followed the objectionable statement, the plaintiff's counsel affirmed its truth, when the defendants' counsel insisted that he should say it was not true, by replying that he should not tell an untruth.   The force of the unwarranted remark was thereby intensified, and the statement in the case that the jury fully understood that the remark excepted to was to be disregarded is not equivalent to a finding that the verdict was not affected by it.

*Verdict set aside.*

SMITH, J., did not sit: the others concurred.