Case 110—PETITION ORDINARY—February 15.

# McHenry Coal Company v. Sneddon.

### APPEAL FROM OHIO CIRCUIT COURT.

1. Punitive damages may be awarded where the facts conduce to show reckless, wilful or malicious conduct on the part of the defendant. But it is not every case of gross negligence that will authorize the court to give an instruction permitting the jury to award such damages.

   In this case, in which the plaintiff, while engaged in hauling coal in defendant's mine, was injured by the collision of his team with the team driven by another employe, the negligence complained of being that of the superintendent of the mines, it was error to give an instruction as to punitive damages, as there was no evidence of malice or reckless conduct on the part of the superintendent.

2. Misconduct of Attorney in Argument to Jury.—The court having refused to permit the plaintiff to show that in an effort to compromise the matters in controversy the defendant had offered to pay plaintiff something in the way of compensation, it was improper for counsel for plaintiff in his closing argument to the jury to state that he held in his hand a letter from the president of defendant company acknowledging the liability of the defendant for damages, which he would read to the jury with the consent of opposing counsel. And although the court, upon defendant's objection, directed the jury to disregard the statement, and the attorney for plaintiff withdrew the statement, it was nevertheless prejudicial.

PHELPS & THUM and CHARLES EAVES for appellant.

1. The peremptory instruction should have been given. The injury resulted from ordinary risks attendant upon employment of plaintiff. (Master and Servant, Am. and Eng. Enc. of Law; 9 Bush, 90; Turntable Cases, 17 Wall; Am. Dig., 1894, 4484.)

2. The injury was caused by the neglect of plaintiff contributing thereto, and therefore there can be no recovery. (Bogenschutz v. Smith, 84 Ky., 336, 338; Kelly v. Barber Asphalt Co., 93 Ky., 364; Sullivan Case, 9 Bush, 90; Baird v. Deering, 13 Ky. Law Rep., 271.)

3. There can be no recovery because the injury was caused by the

McHenry Coal Company v. Sneddon.

negligence of a fellow-employe. (Thompson on Trials, sec. 963, &c.)

4. The court failed to instruct properly as to contributory negligence. (Sullivan Case, 9 Bush, 90.)

5. It was error to instruct as to punitive damages there being no element of brutality, oppression, or conscious recklessness on the part of any one connected with the company. (Sedgwick on Damages, secs. 363-370; L. & N. R. Co. v. Ballard, 85 Ky., 307; Chiles v. Drake, 2 Met., 146; Jennings v. Maddox, 8 B. M., 430; Parker v. Jenkins, 2 Bush, 587; South Covington, &c., St. R'y Co. v. Ware, 84 Ky., 267.)

6. There was gross misconduct on the part of counsel in arguing to the jury from the contents of letters which had been rejected as evidence.

7. The court erred in omitting to give a proper instruction as to the law of fellow-servants.

H. P. TAYLOR FOR APPELLEE.

1. If the injury occurred from the extraordinary or gross negligence of any of appellee's servants of whatever grade, the appellee is entitled to recover. (L. & N. R. Co. v. Brook's Adm'r., 83 Ky., 135; Waggoner v. Wetmore, 12 Ky. Law Rep., 638; L. & N. R. Co. v. Fillmore's Adm'r, 6 Bush, 579; L. & N. R. Co. v. Robinson, 4 Bush, 509; L. & N. R. Co. v. Collins, 2 Duv., 114; Louisville, &c. R. Co. v. Caven's Adm'r, 9 Bush, 559.)

The rule *respondeat superior* applies. (L. & N. R. Co. v. Moore, 83 Ky., 683.)

2. The verdict is not excessive. (M. & L. R. Co. v. Herrick, 13 Bush, 122; 3 Lawson's Rights, Remedies and Practice, sec. 1217, also note 1.)

3. If a master or superior orders an inferior into a situation of danger, and he obeys and is injured, the law will not charge him with assumption of the risk unless the danger was so *glaring* that no prudent man would have entered into it. (14 Am. and Eng. Enc. of Law, page 55, sec. 10, also note 2; *Idem*, p. 857, also note 4; Rogers v. L. & N. R. Co., 15 Ky. Law Rep., 686.)

4. There can be no reversal because of the alleged misconduct of counsel because his statements were withdrawn from the jury and there was no exception at the time. (Civil Code, secs. 15 and 333.)

5. Where the court below has overruled a motion for new trial predicated on the weight of evidence the court should take every rational inference in favor of the decision. (Dorsey v. Dougherty, 3 Litt.; Gore v. Ross, 2 B. M., 299; Gist v. Higgins, 1 Bibb, 304.)

CHIEF-JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellee Sneddon was an employe in the McHenry Coal Mine Co., and while engaged in hauling coal in the mines was injured by the team he was driving colliding with a team driven by another employe.

We will not allude to the testimony further than to say the case went properly to the jury upon the question as to gross negligence on the part of the superintendent of the mines, and that of contributory neglect on the part of the appellee. The trial of such issues belong to the jury, and as the case must go back we refrain from discussing the facts applicable to either issue.

We are satisfied, however, that it is not a case for punitive damages, and while it is difficult to establish any certain rule by which trial courts are to be controlled in this class of cases, the instructions must be governed by the facts of each case. It is nevertheless well settled that it is not every case of gross negligence where punishment, in the way of damages, may be inflicted.

Where the facts conduce to show reckless, wilful or malicious conduct on the part of the party charged with the wrong, exemplary damages may be awarded. There is no evidence of the presence of malice or reckless conduct on the part of the superintendent as indicated a purpose to have the appellee injured, or a reckless disregard of the safety of his person, and, therefore, the instruction as to punitive damages should have been refused. The instruction should have confined the jury, if they returned a verdict for the plaintiff, to compensatory damages only.

This judgment must be reversed for another reason. During the progress of the trial it appeared that the parties were, or had been, making an effort to compromise the matter in controversy, and a concession evidently made by

the company to pay the appellee something in the way of compensation. This character of testimony was endeavored to be introduced by the plaintiff, not only once but several times during the trial, with a view of showing the cause of the injury to have been the fault of the superintendent, and as often rejected by the court as incompetent.

When counsel for the plaintiff made his closing argument to the jury he stated that he held in his hand a letter from W. G. Duncan, president of the coal company, addressed to the father of the plaintiff, acknowledging the liability of the de-fendant for damages, and saying the defendant would settle but for the fact that defendant had an insurance policy cov-ering such cases, and the insurance company would not set-tle, and the attorney then appealed to the attorney for the defendant, asking his permission to read the letter to the jury.

The defendant's counsel objected at the time to such a line of argument, and the court told the jury to disregard it. The attorney for the plaintiff then withdrew the statement, and told the jury as the court had sustained the objection they must give no weight to what he had said in regard to the letter.

In the argument of issues of fact before a jury much lati-tude is given counsel, and however erroneous his conclu-sions may be as to the effect of the facts in evidence, the court will not interfere; but when he undertakes to discuss or debate facts not in evidence, the court should check him, and while such an indiscretion on the part of counsel will not always be sufficient grounds for reversal, yet in a case like this where there is a conflict in the testimony, or even if there had been no conflict, where counsel says to the jury that he has the evidence of guilt, or of the unlawful act, in his possession, and offers to read it to the jury by the consent

of his adversary, this court will not stop to consider the effect it may have had on their minds, but will reverse at once and direct another trial.

Nothing the trial judge could say could remove from the jurors' minds the impression made by the proposal by counsel for the plaintiff to the defendant's counsel to read the letter of the latter's client as conclusive of the issue that was then being tried.

For the reasons indicated the judgment is reversed and remanded for proceedings consistent with this opinion.