CASE 54—ACTION BY ELIZABETH JOLLY AGAINST THE ILLINOIS CENTRAL RY. CO. FOR PERSONAL INJURIES.—JAN. 12.

# Illinois Central Ry. Co. v. Jolly.

APPEAL FROM OHIO CIRCUIT COURT—T. F. BIRKHEAD, CIRCUIT JUDGE.

JUDGMENT FOR PLAINTIFF. DEFENDANT APPEALS. REVERSED.

TRIAL—REMARKS OF COUNSEL—ARGUMENT TO JURY—APPEAL.

1. Remarks of counsel for plaintiff in argument that the plaintiff had obtained a judgment on a former trial, that it had been reversed by the higher court on a technicality, and that defendant was then preparing to appeal from any verdict that might be rendered and obtain another reversal, were improper.

2. On trial of an action against a railroad for personal injuries, where there was evidence that when accidents occurred the railroad employes were furnished with prepared statements, which they were required to sign, a comment on such fact in the argument by counsel for plaintiff was not erroneous, except as to a statement therein that the employes must answer "Yes" in order to hold their jobs, and, if they answered "No," they "walk the plank."

H. P. TAYLOR, J. M. DICKENSON AND PIRTLE & TRABUE, ATTORNEYS FOR APPELLANT.

## POINTS AND AUTHORITIES.

1. Proof to be available must be supported by the allegation. Kaufman, &c. v. Gas Co., 105 Ky., 131; Shields v. Heard, 21 R., 992; Chun, by, etc. v. Ky. & Ind. Bridge Co.'s Receiver, 23 R., 1092; Thomas v. L. & N. R. R. Co., 18 R., 164; McCain v. L. & N. R. R. Co., 13 R., 334; Kerney v. City of Covington, 1 Met., 339.

2. Variance between averment and proof may be taken advantage of by motion as in cases of non-suit. Mitcherson v. Grays, &c., 4 B. Mon., 400; Price v. Price's Ex'r, 101 Ky., 28.

3. Special damages, such as loss of time, which are for the natural, but not necessary, results of the act complained of, must be specially pleaded. L. & N. R. R. Co. v. Mason, 24 R., 1623; L. & N. R. R. Co. v. Reynolds, 24 R., 1402; Mason v. Paducah St. R. R. Co., 23 R., 46; Hutchinson on Carriers (2d ed.), sec. 796; Hale on Damages, 223, 224; Shearman & Redfield on Negligence (4th ed.), vol. 3, sec. 739; Bliss on Code Pleading (2d ed.), sec. 297; Am. & Eng. Ency. of Law, vol. 5, 50; see also note 1.

Illinois Central Ry. Co. v. Jolly.

4. Instructions shall conform to the pleadings and proof. Henry v. L. & N. R. R. Co., 3 R., 695; Grogan & Kenny v. Allen, &c., 5 R., 251; Henderson Hominy Mill Co. v. Watkins, 15 R., 301; Bogenschutz v. Smith, 84 Ky., 330; Shields v. Heard, 21 R., 992; L. & N. R. R. Co. v. Hall, 24 R., 2492.

5. Misconduct of prevailing counsel. L., H. & St. L. R. R. Co. v. Morgan, 23 R., 121; L. & N. R. R. Co. v. Hull, 24 R., 375; C., R. I. & T. Ry. Co. v. Jones, 81 S. W., 60; C., R. I. & T. Ry. Co. v. Musick, 76 S. W., 219; Fisher v. Weinholzer, 97 N. W., 426; 16 Am. & Eng. Ency. of Law, 524; 22 A. & E. R. R. Cases, 596.

GLENN & RINGO, ATTORNEYS FOR APPELLEE.

E. E. KELLY AND JOHN B. WILSON, OF COUNSEL.

POINTS DISCUSSED AND AUTHORITIES.

1. The question of variance between the proof and the allegation of petition was settled in the former appeal, the same points being raised on the former appeal. See Record on former appeal, I. C. R. R. Co. v. Jolly.

2. Such damages as are the necessary result of the injury complained of are not special damages. I. C. R. R. Co. v. Beauchamp, 77 S. W., 1096 (Ky.).

3. The same criterion of recovery exists whether the party complaining is a man or woman. Louisville R. R. Co. v. Dick, 78 S. W., 904 (Ky.); South Covington & Cincinnati Street Ry. Co. v. Bolt, 59 S. W., 26 (Ky.).

4. On the last trial the modifications of Instruction No. 7, given on the first trial, suggested by this court were made, and also instructions on contributory negligence were given, and these were the only objections made by this court to the instructions given on the former trial. I. C. R. R. Co. v. Jolly, 78 S. W., 476.

5. The language of counsel for appellee in his closing argument were legitimate deductions from the proof offered by appellant from the witness Shanks, and there was no statement of any fact that was not in proof or legitimately to be drawn from the proof, and in view of the former verdict, these statements could not be said to have prejudiced appellant's case.

6. The alleged misconduct is not properly a part of the record and can not be considered by this court. Southern Ry. Co. in Kentucky v. Thurman, 76 S. W., 499; McCarty v. Com., 71 S. W., 656.

7. The verdict is not excessive. Louisville R. R. Co. v. Meglemry, 78 S. W., 917 (Ky.).

OPINION OF THE COURT BY JUDGE NUNN—REVERSING.

This is the second appeal of this case. The opinion in the first appeal is published in 78 S. W., 476, 25 Ky. Law Rep., 1735. The case was then reversed for an erroneous instruction and for the failure to give an instruction for contributory neglect. Another trial was had in the lower court, and appellee obtained a verdict for $1,400, from which appellant appeals, and assigns many reasons for a reversal.

The facts with reference to the extent of appellee's injuries and the manner and circumstances under which she received same, are stated in the former opinion, and we deem it unnecessary to reiterate same. The instructions given by the court on the last trial were in conformity with the former opinion. We deem it unnecessary to here consider any of the many reasons advanced by appellant for a reversal, all of them being without merit, except as to the amount of the verdict, and the conduct of appellee's counsel during the trial, and especially in his closing argument to the jury. It appears from the bill of exceptions that during the taking of testimony appellant's counsel made objection to a certain question and answer, when counsel for appellee arose with the remark: "It is the purpose of the plaintiff to follow this defendant to the court of appeals again." In the closing argument appellee's counsel used the following language: "That it had been some four or five years since this suit was brought; that the action had been once reversed in the court of appeals on a technicality, and that the railroad company was furnished with skilled lawyers and stenographers for the purpose of catching at every little thing, not larger than that (demonstrating upon his finger's end), for the purpose of again taking the case to the court of appeals and reversing the judgment." Counsel further

stated to the jury as a fact in his closing arguments as follows:    "When railroad accidents occur railroad employes are furnished with statements already prepared, and that such employes are required to answer each of the statements 'Yes' in order to hold their job, and if they answer 'No' they walk a plank." And, again, counsel for appellee used the following language: "That this action had been in the courts some four or five years, and that the railroad company was furnished with lawyers and stenographers for the purpose of catching at every little thing to take the case to the court of appeals again, in order to defeat the claim by reversing it, it having hereto been reversed in the court of appeals on a technicality." It appears from the bill of exceptions that appellant's counsel objected to the foregoing remarks made by appellee's counsel, and asked the court to exclude the same from the jury, which the court refused to do, and appellant excepted.

Every case in court should be tried upon the law as given by the court and the facts adduced by the evidence. Every litigant is entitled to this character of trial.    The courts should be careful to prevent improper conduct and language of counsel for either side for the purpose of unduly influencing the minds or inflaming the passions and prejudices of the jury trying the case. Counsel have the right, of course, to argue the evidence, and give their opinion and construction thereof, if within the pale of reason. But when counsel, in the heat of argument, overstep the bounds, and objection is made by the opposing side, the court should exclude the improper matter. The remarks of appellee's counsel that this lady had obtained a judgment on the former trial; that it had been appealed from, and reversed by this court upon a technicality; and that appellant was then preparing, with the assistance of skilled lawyers and stenographers, to ap-

peal from any verdict that might be rendered and obtain another reversal—was improper. The case should have been tried without the jury being apprised of the result of the previous trial and the action of the court of appeals thereon.

The statement of appellee's counsel to the jury "that when railroad accidents occur railroad employes are furnished with statements already prepared, and that such employes are required to answer each of the statements," was not improper, for the evidence tended to show this fact. At least, there was some evidence upon this subject. But the latter part of the statement, to the effect "they must answer 'Yes' in order to hold their job, and if they answer 'No,' they walk a plank," was wholly unwarranted, there being no evidence in the record to authorize it. Appellee's counsel stated this as a fact. He did not profess that it was merely an opinion or impression of his own; and such language was calculated to inflame the minds of the jury against appellant, and to weaken the strength of the evidence of its employes who had testified before them. See L. H. & St. L. Ry. Co. v. Morgan, 62 S. W., 736, 23 Ky. Law Rep., 121. In that case appellee's counsel in the closing argument made use of the following language: "The railroad can appeal this case, but the plaintiff, Morgan, is a poor man, and has no money to appeal with, and will have to accept what you do, but the railroad has the money to appeal this case, and will do so." Commenting on these remarks, this court said: "The court can not afford to take notice of all remarks of counsel that are not strictly within the record. There is a latitude allowed in oral argument, but it should not extend as far as was done in the quotation. Also, see L. & N. R. R. Co. v. Hull, 68 S. W., 433, 57 L. R. A., 771, 24 Ky. Law Rep., 375. In that case the court reversed the judgment on account of improper remarks of counsel for appellee in his

closing argument, the language used being somewhat similar to that in the case at bar. The court in that case said: "It was improper for the attorney to go outside of the evidence heard by the jury and the law of the case as given by the court. It was especially improper for him to state of his personal experiences, which had not been testified to, and were calculated to prejudice the jury against the defendant, or swell the amount of the verdict. Considering the size of the verdict in connection with the argument of the counsel, we are clearly of the opinion that a new trial should be granted." On the first trial of this case appellee obtained a verdict for $881; on the last, for $1,400. Considering the increase in the amount of the last verdict and the remarks quoted, we are constrained to believe that these improper remarks in all probability prejudiced the minds of the jury against appellant. In view of the amount of the last verdict, coupled with the improper remarks referred to, we are of the opinion that appellant should be granted a new trial.

The judgment is reversed, and cause remanded for a new trial under proceedings consistent herewith.