CASE 37—ACTION BY T. L. PAYNE AGAINST THE LOUIS-VILLE & NASHVILLE RAILROAD COMPANY.—May 4, 1910.

## L. & N. R. R. Co. v. Payne.

Appeal from Marion Circuit Court.

I. H. THURMAN, Circuit Judge.

Judgment for plaintiff and defendant appeals.—Reversed.

1. Appeal and Error—Record—Conclusiveness.—Where remarks of counsel were not incorporated in any official report of his speech made by the stenographer, but the statements were taken down at the time by opposing counsel, and were in the

bill of exceptions, certified to by the trial judge, the remarks were properly before the appellate court.

2.   Trial—Remarks of Counsel.—In a personal injury action against a railroad remarks of plaintiff's counsel. "This great corporation with millions behind it.  This man singly has been making this fight against this powerful corporation since 1905, and it has been decided repeatedly in his favor.  Give us as much as a railroad magnate would spend for a rosebud, give us as much as one of these magnates would tip a waiter"—were prejudicial to defendant.

BENJAMIN D. WARFIELD, WILLIAM C. McCHORD and WILLIAM W. SPALDING for appellant.

HUGH P. COOPER for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

This is the third appeal of this case.  The opinion on the first appeal may be found in 104 S. W. 752, 31 Ky. Law Rep. 1173.  The opinion on the second appeal may be found in 133 Ky. 539, 118 S. W. 352. Having concluded that the judgment should be reversed for misconduct of counsel, we refrain from passing upon any other question raised on this appeal.

Complaint is made of the following language used by counsel for appellee in his argument to the jury: "This great corporation with  millions  behind it. This man singly has been making this fight against this powerful corporation since 1905, and it has been decided repeatedly in his favor.  Give us as much as a railroad magnate would spend for a rosebud; give us as much as one of these magnates would tip a waiter."  It is insisted by counsel for appellee that the foregoing language was not incorporated in any official report of his speech made by the stenographer. That may be true, but the statements were  taken

down at the time by counsel for appellant, and are contained in the bill of exceptions, which is certified to by the judge who tried the case. The language employed is therefore properly before us for consideration.

Similar language employed by counsel for plaintiffs in the cases of Louisville & Nashville R. R. Co. v. Smith, 84 S. W. 755, 27 Ky. Law Rep. 257, and Louisville & Nashville R. R. Co. v. Crow, 107 S. W. 807, 32 Ky. Law Rep. 1145, was condemned by this court and the judgment reversed in each case. In the latter case the court said: ''Great latitude is always allowed counsel in making their arguments to a jury; but that latitude cannot, and ought not to, be extended so as to permit counsel to go outside of the record and bring to the attention of the jury matters which have no bearing whatever upon the questions in issue, and which are conveyed to their notice for the sole purpose of inflaming their passions and exciting their prejudices.'' In the recent case of Murphy's Ex'r v. Hoagland, 107 S. W. 303, 32 Ky. Law Rep. 839, where counsel for contestants asked of a witness the question, ''Don't you know as a matter of fact that eight (referring to the jury on the former trial) stood for breaking the will?'' this court said: ''The learned counsel must have known that any question which referred to the result or the partial result of the former trial of the case was very improper; in fact, inexcusable. Propounder's counsel could not permit the question to go unnoticed, and the very fact that he objected but served to emphasize its importance in the minds of the jurors.'' To the same effect is Illinois Central R. R. Co. v. Jolly, 119 Ky. 452, 84 S. W. 330, 27 Ky. Law Rep. 118.

In the case before us, counsel for appellee not only attempted to excite the prejudices of the jury against appellant because it was a corporation, but he also referred to the hard struggles which appellee had had against that corporation and to the fact that the case had been repeatedly decided in appellee's favor. The subsequent withdrawal of the language complained of could not have counteracted the effect already produced upon the minds of the jury. Even an admonition of the court, which the record shows was not given, could not have accomplished this result, much less a withdrawal of the kind that counsel made. The jury then knew that other juries had decided in appellee's favor. Considering the natural inclination of men to follow the lead of other men, this improper statement may have been sufficient to induce the verdict. That being the case, we cannot say that such misconduct is an error which did not prejudice the substantial rights of appellant.

Judgment reversed and cause remanded for a new trial consistent with this opinion.