## Knights of Maccabees of the World v. Shields.

(Decided January 28, 1915.)

### Appeal from Nelson Circuit Court.

1. Trial—Conduct of Counsel—Argument.—Counsel should never attempt to get before the jury matters beyond the record having no real bearing upon the case, merely to prejudice the jury; and while one act of such impropriety may be overlooked, if the court properly admonishes the jury not to regard it, it should not be overlooked where he persistently attempts to inflame the jurors' minds.

2. Trial—Argument of Counsel—Comments Not Supported by Record.—Where a lawyer, in argument to the jury, makes statements not supported by the record, the trial judge should, without waiting for objections, promptly reprimand the offending counsel, charge the jury to disregard his statements, and if the comments are of such prejudicial nature as improperly to influence the jury, he should set aside any verdict rendered in favor of such counsel.

3. Trial—Argument of Counsel.—In a suit to recover on a policy against a fraternal insurance company, after admitting that it was a fraternal insurance company and predicating its case upon that idea, it was unfair for counsel to argue to the contrary.

4. Trial—Argument of Counsel.—Argument by appellee's counsel that appellant, a fraternal insurance company, "had millions, with its home in Michigan, and referring to appellee as a weeping widow, and in need of money, and that the company took money that would buy bread for her and the little ones and used it to

pay officer's salaries, and that if the jury denied such cry and wail of the widow as had been heard for almost three years, they would turn her back upon her husband's grave, and her children out crying for bread," precluded appellant from having a fair trial, and after such argument, counsel did not make amends by telling the jury to "put the children out of sight, forget them."

NAT W. HALSTEAD, G. ALLISON HOLLAND and JOHN A. FULTON for appellant.

JOHN S. KELLEY and REDFORD C. CHERRY for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

The appellee recovered a judgment on a $3,000 insurance policy issued upon the life of her husband by the appellant, a fraternal benefit society. She recovered the same amount at a former trial, but on appeal to this court the judgment was reversed. 156 Ky., 270. The reversal was because of erroneous rulings of the lower court on matters of evidence and instructions. The opinion concluded with this admonition:

"It seems that on the trial of the case there was an effort made to get before the jury the number of children Dr. Shields had and their ages, and the date of his marriage with the beneficiary, and the fact that some efforts had been made to compromise the case. All evidence of this character was incompetent. It was not at all material when Dr. Shields was married or how many children he had, nor was it competent to show the efforts to effect a compromise."

The second trial was had in strict conformity with the opinion except as to the admonition referred to, and that was observed in the admission and rejection of testimony. The chief ground of complaint on this appeal is misconduct of appellee's counsel in arguing the case to the jury as if such matters were in evidence. Some other grounds for reversal are urged, and all of them may be embraced in the claim that the court should have peremptorily instructed the jury to find for appellant, but these questions were all raised on the former appeal, and passed upon adversely to appellant, that is, it was held that there was evidence to take the case to the jury. In fact, there were but two questions for the jury, and under proper instructions the jury were told to find for the appellee, unless they believed Dr. Shields made false answers to the questions referred to,

or unless they believed he was the offending party in the difficulty in which he was killed by Preston Neal. The evidence on this trial was substantially the same as on the former trial, so that there was no ground for modifying the instructions.

As already stated, the complaint here is as to misconduct of appellee's counsel in arguing the case to the jury. After pleading the fact that appellant is a fraternal and benevolent institution, and claiming the right of recovery on a certificate issued by an institution of that character, the appellee said in argument:

"It is not a fraternal institution; it is a cold business proposition, and the cards are stacked, stacked, I say, against the man who has the certificate of insurance."

He further argued that the premiums were exorbitant, and that insurance was much cheaper on the ordinary life plan in old line insurance companies. He undertook to demonstrate the fact by calling the jury to remember what they knew as to the cost of insurance in old line companies, less 15% dividends usually deducted from the premiums. Such matters were not pertinent to the inquiry, and, of course, there was no evidence upon which to base the argument. The court overruled objections to all of this and proper exceptions were taken. Counsel then undertook to inject into the case some of the very things which the former opinion especially admonished against as being incompetent. For instance, counsel said:

"This controversy is between this weeping widow in this unequal fight between this association with its hundreds of thousands, possibly millions, of dollars. I don't know."

To this statement counsel for appellant objected and moved the court to discharge the jury; the objection and motion were overruled; to which exception was taken.

He also said:

"Harry Shields, that twelve-year-old son, that little boy, the son of this lone widow, tells you the examination was made that night."

To that statement counsel for appellant objected and moved the court to discharge the jury; the objection and motion were overruled, to which exception was taken.

And again he said:

"Now, let's see. This order takes Dr. Shields' money; money that would buy bread for this widow and those little ones you saw playing about her, near her on yesterday; takes the money from the husband of this widow and puts it into your coffers, and it is there to-day except as drawn out in salaries by its officers."

To which statement counsel for appellant at the time objected and moved the court to discharge the jury; the objection was sustained, but the motion was overruled; to which ruling of the court in overruling the motion appellant at the time excepted. But the court did not then admonish the jury not to consider the reference to the children.

And again the same counsel said:

"You may turn this widow away with empty hands to go back in widow's weeds and back beside the grave of that stricken husband, and view the sod that rests upon his bosom with tears; you may send the little children out crying for bread; you may deny the cry and wail of the widow that has been heard for almost three years."

To this statement counsel for appellant objected; and the court said: "I will tell the jury to disregard any reference to the children and admonish the counsel."

Counsel for appellee then said:

"Gentlemen, put the children out of sight; forget them."

Counsel for appellant then moved the court to discharge the jury; the motion was overruled; to which exception was taken. But the court gave no further admonition to the jury on that point.

If it was incompetent as evidence, it was certainly incompetent in argument. A good deal more of the argument is incorporated in the bill of exceptions, and all of it was improper, but it is not necessary to burden the record with it here.

We are loath to reverse a case because of improper argument. A wide latitude is allowed in presenting a case to the jury, and we recognize that counsel, through zeal or inadvertence, at times go beyond the evidence, and even beyond the bounds of propriety in discussing a case. This court has frequently criticised such argument, but we hesitate to reverse for one mistake. Persistent disregard, however, of the rules of argument and

propriety has impelled us to reverse cases when we believed such argument largely influenced the verdict. We have held that counsel should not have the fruits of victory won so unfairly. Our view of this matter is well stated in Kentucky Wagon Manufacturing Company v. Duganics, 113 S. W. Rep., 128:

"Trials must be had before impartial juries and upon the facts adduced in evidence. Counsel should never attempt to get before the jury matters outside of the record and which have no real bearing upon the case merely for the purpose of influencing the prejudice and passion of the jurors. One act of impropriety on the part of an attorney in a case may be overlooked if the court properly admonishes the jury not to regard it, but it should not be overlooked where the record shows a persistence on his part in bringing to the attention of the jury matters which only tend to inflame their minds, and thus render them less able to do justice according to the law and the evidence."

We have refused to reverse in cases where the evidence made it clear to us that the verdict was just and right notwithstanding the unfair and improper argument. But this case has not that merit. In addition to the caution given in the former opinion, this court has in other opinions condemned the character of argument which appellee's counsel resorted to in this case. L. & N. v. Payne, 138 Ky., 275; I. C. R. R. Co. v. Jolly, 119 Ky., 452; McHenry Coal Co. v. Sneden, 98 Ky., 687; L. & N. v. Crow, 32 Ky. L. R., 1146; Owensboro Shovel & Tool Co. v. Monroe, 154 Ky., 431.

From the latter case we quote:

"We have so often held that trial courts should not permit attorneys, in the presentation of their client's case, to make statements not supported by the record, that it would seem almost unnecessary to repeat it here. We have likewise held that where counsel persists in violating this rule and recovers a verdict, he should be deprived of the fruits of victory thus earned by having the verdict set aside and a new trial awarded. If trial courts would rigidly enforce this rule and promptly set aside verdicts in cases where lawyers had, in argument over the objection of opposing counsel, made prejudicial statements not supported by the record, lawyers would cease offending in this particular. Laxity tends to encourage rather than discourage this practice of indulg-

ing in too wide a range on the part of counsel in the presentation of their cases. It should not be tolerated. When a lawyer makes a statement of fact wholly unsupported by the record, the trial court should, without waiting for objection to be made, promptly reprimand the lawyer and instruct the jury to disregard the statement, and where he regards it of such prejudicial nature that it may improperly influence the jury, he should set aside any verdict obtained in favor of counsel so offending.''

Such attempt as the court did make to eliminate the objectionable matter was feeble and tardy, and when counsel answered the court's admonition by saying; ''Gentlemen, put the children out of sight, forget them,'' it was equivalent to saying, ''Peace, peace; when there is no peace.''

After pleading that the appellant is a fraternal insurance company, in fact predicating its case upon that idea, it is not fair to make an argument to the contrary. There was no evidence in the case about premiums charged or dividends allowed by old line companies. None of the argument which appellee made from the by-laws introduced into the case was proper, because it did not affect a single issue. If this was all that was complained of, we would hesitate to say it was so prejudicial as to demand a reversal, but when there is added to it, with persistency and reiteration, and all over appellant's objection, the argument about appellant's millions, with its home in Michigan, and weeping widow, and her need of money, and the fact that the company took money that would buy bread for her and the little ones and used it to pay officers' salaries, and the warning that if the jury denied such a cry and wail of the widow as had been heard for almost three years, they will turn her back to her husband's grave, and her children out crying for bread, there can be no doubt of its prejudicial character. After such argument, appellee's counsel does not make amends when he tells them ''to put the children out of sight, forget them.''

We are of the opinion that this improper argument precluded appellant from having a fair trial, and was prejudicial to its substantial rights, and for these reasons the judgment is reversed, with directions for another trial in conformity with this and the former opinion.