# Wells v. King.

(Decided March 25, 1927.)

## Appeal from Pike Circuit Court.

1. Highways.—Evidence of automobile driver's negligence held sufficient to go to jury in action for injuries to pedestrian struck while driving hog along highway.

2. Highways.—Where pedestrian suing for injuries from being struck by automobile testified that he saw the car approaching at an excessive speed when yet 300 yards away, held, instruction permitting jury to consider alleged negligence in defendant's failing to give signal was erroneous.

3. Trial.—An attorney is allowed a wide latitude in discussing facts in case, but cannot argue to jury something which is not in record or which is not fairly deducible from the evidence.

4. Trial.—Argument that a litigant had induced a witness to swear falsely may be permitted, though it should not be couched in language violent or inflammatory.

5. Trial.—In pedestrian's action for injuries from being struck by automobile and pinned under it in ditch, attorney's argument that defendant at the time seemed more interested in his car than he was in plaintiff held warranted by the evidence.

6. Trial.—In action for injuries from being struck by automobile, argument of plaintiff's counsel that particular witness might have been influenced to testify favorably to defendant because he sold groceries to defendant held not authorized, where there was no evidence of business relations between the witness and defendant.

7. Trial.—In pedestrian's action for personal injuries from being struck by automobile, argument of plaintiff's counsel, "He may live in a magnificent home, surrounded and furnished with beautiful furniture, the floors of which are covered with oriental rugs, the grandeur of which are beyond our most extravagant imagination, but the little home of (plaintiff) by the side of the road and his power to earn money for his little family are as sweet to him as it is to any man who lives in a mansion or drives a car along this

highway," held improper and calculated to inflame jury against defendant.

HARMAN, FRANCIS & HOBSON and PICKLESIMER & STEELE for appellant.

O. A, STUMP and FRANK P. DAMRON for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

On the 21st day of August, 1925, while he was walking along the Pikeville to Williamson Highway in Pike county in the Raccoon Creek vicinity, the appellee was struck by the automobile of the appellant, Harry Wells, and seriously injured. He brought this suit in the Pike circuit court, charging that appellant negligently and with gross carelessness ran his automobile over and across appellee, breaking, and crushing and mashing his leg and otherwise bruising his body. The negligence charged in the petition is that appellant was running his automobile at a high and dangerous rate of speed; that he was on the wrong side of the road; that he failed to give any signals of his approach.

Appellant traversed the petition and charged that appellee, if injured, was guilty of contributory negligence. In his original petition appellee sought to recover $6,000.00, but he amended his petition and increased his claim for damages to $23,221.00. There was a trial at the April term, 1926, and the jury found a verdict for the appellee, fixing the damages at $10,000.00, and adding thereto his medical bills, amounting to $221.00.

The evidence offered by appellee in his behalf fully sustains his charge of negligence. According to his testimony he was driving a hog tied with a rope along the road. He saw appellant approaching him in an automobile when he was 300 yards away. Appellant was driving fifty or sixty miles an hour, according to appellee, and on the wrong side of the road. He continued his rapid approach until his automobile struck the hog and then struck appellee, carried him 75 or 100 feet and over an embankment, where he was caught under the machine. Appellant, so it is testified by appellee, was indifferent as to the injury to appellee and made no effort to rescue him. The little son of appellee went after some men, who came and managed to release appellee from his position under the automobile. In the meantime appellant went away after someone with a team who could pull his auto-

mobile back on the road, but said nothing about his having a man under his automobile. According to the testimony of appellee the injury was the result of the gross negligence of appellant, and the injury was substantial and permanent.

The testimony of appellant is as different from the testimony af appellee as it was possible to make it. We do not know who told the truth about what happened, and that was a question for the jury. Appellant testified that he was driving along the road in a leisurely sort of way when appellee appeared before him driving a hog, and that when he undertook to turn his machine appellee would drive his hog in front of him and, according to the testimony of his niece, and in Mary-had-a-little-lamb language she said: "And it seemed that every where uncle went the hog would go too." Appellant, from his evidence, had no inclination to dispute the right of way with the hog who was thus heading off his machine, and, as he lagged along waiting for the opportunity when he could fool the hog and get by, the hog became frightened and ran away with appellee and pulled him over the embankment on to a pile of rocks, and he thus received his injuries. Appellant, according to his evidence, did not strike either the hog or appellee, but in trying to avoid the hog he ran his machine over the embankment, and it probably struck appellee while he was lying on the rock pile where he had been landed by the scared hog.

The appellant relies on three grounds for reversal: (1) The damages allowed are excessive. (2) Misconduct in his argument on the part of the attorney representing appellee. (3) Errors in the instructions.

We will consider the last ground first. The instructions were carefully prepared and presented well the law of the case, but there is an error in the first instruction as it applies to this particular case. It is true that it is the duty of one using the public highway to give signals of his approach under circumstances such as are proven in this case, but the appellee testified that he saw appellant approaching him when he was 300 yards away. If he saw him 300 yards away no signal of his approach would have been helpful to appellee. Appellee testified that no signal was given, and although he saw appellant approaching driving at a great rate of speed, and knew he was on the wrong side of the road, he expected that he would give a signal and change over to the other side of the

road. He cannot rely on the failure of the appellant to give a signal when he knew he was approaching, as a signal is ordinarily to give warning of approach. We do not know on what grounds the jury reached its verdict, but it may have been induced to return the verdict because appellant failed to give a signal, and the failure to give a signal under the circumstances of this case could not have been the cause of the injury.

It has been held in many cases that an attorney has a wide latitude in discussing the facts in the case, but he cannot argue to the jury something which is not in the record or which is not fairly deducible from the evidence. Under that rule the attorney in his argument may have been justified in his statement that appellant had induced his niece to swear falsely, although such an argument should not be indulged in by attorneys in language violent or inflammatory. His reference to the conduct of appellant when he said that he seemed to be more interested in his car than he was in appellee was a fair deduction from the evidence before the jury. His reference to the witness, Charles Sowards, in so far as he stated that Sowards may have been influenced to testify favorably to appellant because he sold groceries to appellant, was not authorized, as there was no evidence in the record of any business relations of that nature between Sowards and appellant. As set out in the bill of exceptions he made this statement:

"He may live in a magnificent home, surrounded and furnished with beautiful furniture, the floors of which are covered with oriental rugs, the grandeur of which are beyond our most extravagant imagination, but the little home of Phillip King by the side of the road and his power to earn money for his little family are as sweet to him as it is to any man who lives in a mansion or drives a car along this highway."

This argument was improper and calculated to inflame the jury against appellant.

Under the facts in this case, when we take into consideration the nature of the injury and the past and future mental suffering of appellee, we are unwilling to hold that the damages awarded by the jury are excessive and that question is reserved.

The judgment is reversed and cause remanded for proceedings consistent with this opinion.