No. 12,337.

LABBE MANUFACTURING COMPANY ET AL. *v.* SAMPLES.
(2 P. [2d] 1086)

Decided June 15, 1931. Rehearing denied September 21, 1931.

Mr. WAYNE C. WILLIAMS, Mr. H. A. HICKS, Mr. H. A. HICKS, JR., for plaintiffs in error.

Mr. EDWARD M. SABIN, Mr. JAMES N. SABIN, for defendant in error.

*En Banc.*

MR. JUSTICE BUTLER delivered the opinion of the court.

A. P. SAMPLES sued Labbe Manufacturing Company, R. A. Labbe, John F. Busboom, Magnus Nielson, Clifford L. Dundas, Fred C. Jones, William T. Binford and John E. Moore for damages alleged to have been sustained by Samples and his ten assignors by reason of alleged fraudulent representations in the sale of capital stock of the company. The individual defendants were officers and directors of the company. There were eleven causes of action alleged in the complaint, and the plaintiff prayed for a body execution against the defendants. Judgment for $4,190 was rendered for the plaintiff and against the Labbe Manufacturing Company and R. A. Labbe on four of the causes of action; namely, those based upon the claims assigned by Orpha J. Fryslie, Mrs. J. Akers, Mary E. Harriman and H. C. Harriman. The judgment ordered an execution against the body of Labbe and his incarceration in the county jail.

E. T. Raymond was one of those who assigned their claims to the plaintiff for the purpose of suit. After the jury was empanelled and sworn, E. M. Sabin, one of the attorneys for the plaintiff, made this statement in the presence of the jury: "If your Honor please, I wish to dismiss the cause of action of E. T. Raymond as I understand the defendants have settled with him since the suit was started." Thereupon counsel for the defendants ob-

jected to the statement, and moved that the panel be discharged at once. The motion was denied, but the court instructed the jury to disregard the statement. The attorney is an able lawyer, whose standing in the community is such as to impress the jury with the weight of his statement, and whose experience in jury trials has been sufficiently extensive to charge him with knowledge of the impropriety of making such a statement in the presence of the jury. If, however, he did not know that it was improper, the court's instruction to the jury to disregard the statement advised him of that fact. Nevertheless, he persisted in his course. Thus, during his examination of the prospective jurors on voir dire, the attorney, referring to Harry Raymond, said: "I will say for the benefit of the juror, that he settled his claim with the defendant, and we will dismiss as to him." This statement also was objected to, whereupon the court remarked: "I would suggest that counsel refer to this matter no more, because if you continue I will dismiss this entire panel." Notwithstanding the court's suggestion, Mr. Sabin, referring to the claim of one Burns, said in his opening statement to the jury: "I will say we will not ask for judgment on that cause of action because the plaintiff is informed and believes he has sold his stock to some of the officers of this company, or to the company itself." Thereupon counsel for the defendants objected to the statement as highly unfair and prejudicial, and moved that the panel be dismissed and that a new panel be called. Instead of dismissing the panel, the court said: "That application will be denied, but counsel will follow the suggestion of the court and we will obviate any further questions about it." Exceptions to the rulings of the court were duly saved by counsel for the defendants.

In *Coe v. Van Why*, 33 Colo. 315, 80 Pac. 894, 3 Ann. Cas. 552, counsel for the plaintiff, in his argument to the jury, stated that it is a matter of common knowledge that employers in the district protect themselves against liability on account of accidents by taking out insurance

against such liability. This statement was outside the record. The court instructed the jury that these remarks must not be considered by them for any purpose; that liability, if any, of the defendants depends not upon any such custom, but upon the facts proven in the case, and upon nothing else. On appeal, it was contended that no prejudice resulted to the defendants because of the court's caution to the jury, but we held otherwise. Mr. Justice Campbell, speaking for the court, said: "We are unable to agree with this specious kind of argument. * * * There were several closely contested questions of fact, * * *. We are satisfied that the unfavorable impression on the minds of the jury was not removed by the direction of the court to disregard the statement. Counsel knew when he made it that it was improper and reprehensible, and it is fair to presume that he would not have done so, had he not supposed that some advantage to his client would thereby be gained. In such cases counsel who thus seeks to obtain that result takes upon himself the risk of losing what he hopes to secure." And see *McHenry Coal Co. v. Sneddon,* 98 Ky. 684, 34 S. W. 228; *Grant v. Varney,* 21 Colo. 329, 40 Pac. 771; *Rocky Mountain Fuel Co. v. Bakarich,* 66 Colo. 275, 180 Pac. 754; *Latham v. United States,* 141 C. C. A. 250, 226 Fed. 420; *James Smith Woolen Machine Co. v. Holden,* 73 Vt. 396, 51 Atl. 2; *Carter v. Walker* (Tex. Civ. App.), 165 S. W. 483; *Tucker v. Henniker,* 41 N. H. 317; *Robertson v. Madison,* 67 N. H. 205, 29 Atl. 777; L. R. A. 1918D, 36, note; 56 A. L. R. 1452, note.

In the present case, the court should have discharged the jury, as requested. The court's direction to the jury and its mild caution to counsel were insufficient to protect adequately the rights of the defendants. There were closely contested questions of fact. The defendants were charged with fraud, and it was sought to have them imprisoned under body executions. The statements of counsel were likely, if not actually intended, to convey to the jury the impression that a guilty conscience, and that

only, caused the defendants to settle with the Raymonds, and to purchase peace from Burns by buying his stock, but that the defendants had been unable to make satisfactory settlements with their other victims whose claims were included in the suit. The offense was committed not once or twice only, but three times. Where, as here, the testimony is in sharp conflict, the statements of the attorney were sufficient to turn the scales in favor of the plaintiff. There are cases where the mischief done by improper statements by counsel may be undone and rendred harmless by a reprimand from the court, followed by a direction to the jury to disregard the statements, but, in our opinion, this case is not one of them. In fact, notwithstanding counsel's persistence in his misconduct, the court administered no reprimand.

The misconduct of counsel occurred at the very beginning of the trial. The jurors could have been discharged at that time and a new jury called with slight expense and inconvenience. As it is, there must be a new trial.

The judgment is reversed, and the cause is remanded.

Mr. Chief Justice Adams, Mr. Justice Campbell and Mr. Justice Alter dissent.