## Equitable Life Assurance Society of the United States v. Witten.

### (Decided Dec. 14, 1934.)

WM. MARSHALL BULLITT, EUGENE B. COCHRAN, and BRUCE & BULLITT and HOWARD & MAYO for appellant.

Z. WELLS for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

From a judgment for $1,020.80 recovered against it by Denzil Witten, the Equitable Life Assurance Society of the United States appeals.

This was a close case on the facts, the jury's verdict was not unanimous, and nine grounds were filed for a new trial, but we have decided to reserve them without discussion because of this which the bill of exceptions shows was said by plaintiff's counsel in his closing argument:

" 'If you wait for the defendant to come into court and admit a man has a just claim, from my experience, and I have had considerable experience with Mr. Cochran, the chief attorney in this case, you will wait and wait a long, long time. They are not doing it that way. They required Denzil Witten to pay a monthly premium, he had nothing to do with the taking out of that policy. He paid the premiums, they kept his money that he worked out in the mines. Why don't they pay back the premiums? If this man didn't get an insurance policy that was worth something to him, why collect on it? Now they are trying to avoid paying what they agreed to pay.'

"The defendant objected at the time to each of the foregoing statements in the argument by counsel for plaintiff, and moved the court to set aside the swearing of the jury and to discharge the jury and to continue the case upon the ground that said statements and each of them were improper argument, which motion was overruled as to each of said statements and the defendant at the time excepted.

"The defendant further moved the court to admonish the jury not to consider said statements or either of them, which motion was overruled, and the defendant excepted at the time."

We have often condemned such tactics. Knights of Maccabees of World v. Shields, 162 Ky. 392, 172 S. W. 696; Gunterman v. Cleaver, 204 Ky. 62, 263 S. W. 683; Kentucky Wagon Mfg. Co. v. Duganics (Ky.) 113 S. W. 128; Southern-Harlan Coal Co. v. Gallaier, 240 Ky. 106, 41 S. W. (2d) 661; Wells v. King, 219 Ky. 201, 292 S. W. 777* Consolidated Coach Corporation v. Garmon, 233 Ky. 464, 26 S. W. (2d) 20; Sparks v. Maeschal, 217 Ky. 235, 289 S. W. 308; Dorsey v. Proctor, 207 Ky. 385, 269, S. W. 316; City of Harlan v. Parsons, 202 Ky. 358, 259 S. W. 717; Liverpool & London & Globe Ins. Co. v. Wright, 166 Ky. 159, 179 S. W. 49; Owensboro Shovel & Tool Co. v. Moore, 154 Ky. 431, 157 S. W. 1121; Louisville & N. R. Co. v. Payne, 138 Ky. 274, 127 S. W. 993, Ann. Cas. 1912A, 1291; Louisville & N. R. Co. v. Crow (Ky.) 107 S. W. 807, 32 Ky. Law Rep. 1145; Louisville & N. R. Co. v. Smith, 84 S. W. 755, 27 Ky. Law Rep. 257; McHenry Coal Co. v. Sneddon, 98 Ky. 684, 34 S. W. 228, 17 Ky. Law Rep. 1261.

768

By taking from the plaintiff the fruits of his counsel's misconduct, and awarding to the appellant a new trial, we hope to hasten the coming of the day when such practices will not be indulged in.

Judgment reversed.