**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**Ray TURNER et al., Appellees.**

Court of Appeals of Kentucky.

June 15, 1973.

Carl T. Miller, Jr., Gen. Counsel, Dept. of Highways, Frankfort, Edmond H. Tackett, Pikeville, Phillip K. Wicker, Somerset, for appellant.

Elwood B. Mullins, Paintsville, for appellees.

STEINFELD, Justice.

For the construction of U.S. Highway 23 in Johnson County the Commonwealth condemned 3.53 acres of unimproved land from a 13.30-acre tract owned by appellees. From a judgment awarding $32,000 to appellees the Commonwealth appeals, claiming that the verdict is excessive and is unsupported, that incompetent evidence was introduced over its objection, and that other errors were committed during the trial. We affirm.

Appellees' entire tract was located at the southeast corner of the intersection of U.S. 23 and U.S. 460, having 1225 feet frontage on U.S. 23 and 300 feet frontage on U.S. 460. On the Turner property there were a two-story, frame house containing seven rooms and one and one-half baths, a garage and four sheds. The land was located approximately one and one-half miles north of the city limits of Paintsville, Kentucky. The area taken was triangular in shape, with the starting point being 160 feet north of the intersection of the two highways. It extended along the western line of U.S. 23 in a northwardly direction 1065 feet to the northern boundary of the Turner property and then ran westwardly along that

northern boundary 230 feet. A creek meandered through the part taken. 1.75 acres were wet and were 6 to 10 feet below the grade of U.S. 23, and the remaining 1.78 acres were a steep hillside.

The evidence showing the valuations before and after the taking and the differences were as follows:

### FOR APPELLANT

| WITNESS | BEFORE | AFTER | DIFFERENCE |
|---------|--------|-------|------------|
| Divine | $ 46,000 | $40,000 | $ 6,000 |
| Asbury | 50,000 | 40,000 | 10,000 |

### FOR APPELLEES

| | BEFORE | AFTER | DIFFERENCE |
|---------|--------|-------|------------|
| Hamilton | $115,000 | $70,000 | $ 45,000 |
| Branham | 148,500 | 70,500 | 78,000 |
| Redd | 150,000 | 90,000 | 60,000 |

The jury concluded that the entire tract had a value of $77,000 before the taking and only $45,000 thereafter. It returned a verdict of $32,000 for the owners.

It is argued that the verdict is excessive and not sufficiently supported by evidence of probative value. No testimony indicated that the area taken was of greater value per acre than the remaining property, except that some of the remainder was quite hilly. The award of $32,000 for 26.5% of the entire tract represented 41.5% of the before-taking value of the entire tract and it must be remembered that the residence and its appurtenances were undisturbed. These factors show that the jury was liberal in its verdict, but we are not convinced that there is indication of passion or prejudice. The witnesses who testified for the owners were well qualified, with real estate selling experience of from two to twenty-five years. They explained the appraisal methods they used which support their valuations. We are unwilling to say that at first blush we find the verdict to be excessive.

The Commonwealth complains that over its objection the owners were permitted to introduce evidence of inquiries concerning the possible purchase or lease of the property. A witness was asked whether he had been " * * * approached by any major oil company or any motel people or persons in business with shopping centers * * *" with respect to acquiring the property " * * * in the area that has been taken by the Commonwealth in this condemnation." Over an objection the witness was permitted to answer, which answer indicated that there had been such inquiries. Another witness was asked a similar question and, over objection, he too was permitted to answer in the affirmative. The Commonwealth argues that these inquiries were in the same category as offers to buy the property for business purposes and it points out that not only this court but the Supreme Court of the United States has frequently held that offers to buy are not admissible. See Sharp v. United States, 191 U.S. 341, 24 S.Ct. 114, 48 L.Ed. 211 (1903); Commonwealth v. Combs, 229 Ky. 627, 17 S.W.2d 748 (1929); Warfield Natural Gas Co. v. Wright, 233 Ky. 378, 25 S.W.2d 1036 (1930); Brock v. Harlan County, 297 Ky. 113, 179 S.W.2d 202 (1944); Jackson v. Raisor, Ky., 248 S.W.2d 905 (1952); Greenup County v. Redmond, Ky., 335 S.W.2d 335 (1960); Graves v. Winer, Ky., 351 S.W.2d 193 (1961); and East Kentucky Rural Electric Coop. Corp. v. Price, Ky., 398 S.W.2d 705 (1966).

Appellees respond that this evidence was introduced only for the purpose of showing that the property was suitable for business purposes and that there was reasonable probability of that use in the near future. They rely on Paintsville-Prestonsburg Airport Board v. Galbraith, Ky., 433 S.W.2d 868 (1968), in which we said " * * * that evidence can be adduced that the highest and best use might be something other than the present use but in order for this to be true there must be an expectation or probability that in the near future it will be so used." Also see Commonwealth, Dept. of Highways v. Stocker, Ky., 423 S.W.2d 510 (1968). No witness was asked about prices or terms of any offer and the evidence was restricted to inquiries showing an interest in the

property. It is our opinion that this evidence was properly admitted and did not fall into the category of offers, which, of course, may not be shown. Commonwealth, Dept. of Highways v. Melwood Development, Inc., Ky., 487 S.W.2d 684 (1972).

■ The Commonwealth contends that the court made improper rulings with respect to testimony concerning access to the remaining property. We deem it unnecessary to relate the nature of the testimony for the reason that the objection was only because the attorney for the owners was leading the witnesses and that an incident about which there was testimony had " * * * happened after the taking." There was no objection based upon a claim that access as a factor here was noncompensable. We cannot consider this issue because of the absence of an appropriate objection during the trial.

■ In his closing argument counsel for the landowners made the statement "(t)hese appraisers are sent out with a budget and they have to stay within the budget." The attorney for the Commonwealth objected and moved the court to set aside the swearing of the jury. The trial court sustained the objection, but refused to declare a mistrial. Counsel for the Commonwealth complains of the failure of the court to admonish the jury not to consider the statement, but that claim is without validity because no such motion was made. We have said in such cases as Wells v. King, 219 Ky. 201, 292 S.W. 777 (1927); Owensboro Shovel & Tool Co. v. Moore, 154 Ky. 431, 157 S.W. 1121 (1913); and Horton v. Herndon, 254 Ky. 86, 70 S.W.2d 975 (1934), that in closing argument counsel may not make prejudicial statements of fact which are not supported by the record. Those cases and others stand for the proposition that if the statement is of such a nature as to destroy the fairness of the trial, on proper motion the jury should be discharged. The statement was improper; however, we do not consider it so prejudicial that a mistrial should have been declared. An admonition, if requested, would have been appropriate and cured the improper trial tactic.

The judgment is affirmed.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.