CASE 53.—ACTION BY T. L. PAYNE AGAINST THE LOUIS-
VILLE & NASHVILLE. RAILROAD COMPANY.

# L. & N. R. R. Co. v. Payne

133   539
s138  275

Appeal from Marion Circuit Court.

I. H. THURMAN, Circuit Judge.

Judgment for plaintiff, defendant appeals.

1. Carriers—Injuries to Passenger—Evidence—Admissibility.—
   Where, in an action for injuries to a passenger while alighting
   at a depot, the evidence showed that the approach of the train
   to the depot had been properly announced, and that the way
   from the train to the platform was lighted by a brakeman,
   evidence of the extent of the carrier's freight business, con-
   ducted at its freight depot on the other side of the track, and
   on the side that the passenger attempted to alight, was inad-
   missible, at least in the absence of evidence that the passen-
   ger knew of the existence of the freight depot, or that he had
   business to transact there.

2. Carriers—Depots—Care Required.—A carrier must keep its
   depot platform and approaches thereto properly lighted, so as
   to permit passengers to pass safely to and from the train.

3. Carriers—Injuries to Passengers—Evidence—Admissibility.—
   In an action for injuries to a passenger while alighting at a
   station, by the sudden starting of the train, evidence of negli-
   gent failure to properly light the depot was inadmissible.

4. Witnesses—Competency—Knowledge.—A witness coming to a
   town in the spring is incompetent to testify as to the manner
   and extent of the lighting by a carrier of its depot platform
   at the town during the summer before.

5. Appeal and Error—Harmless Error—Erroneous Admission of
   Evidence.—Where the ground relied on for a recovery is the
   commission of a negligent act in one respect, it is prejudicial
   to permit evidence establishing another and different negligent
   act.

6. Trial—Misconduct of Counsel—Reversible Error.—Where
   counsel for the successful party persistently pursued a line of
   interrogation of witnesses which the court ruled to be wrong,
   and which one reasonably acquainted with the rules of evi-
   dence knew to be improper, and the course pursued was for
   the purpose of prejudicing the jury, the conduct of the coun-
   sel was reversible error.

7. Appeal and Error—Reversal and Retrial—Law of the Case.—
   Where instructions have been approved by the appellate court
   as the law of the case only such instructions should be given

on a retrial where the evidence on the trial is the same as on the former trial.

W. C. McCHORD and WILLIAM W. SPALDING for appellant.

BENJAMIN D. WARFIELD of Counsel.

### POINTS AND AUTHORITIES.

1. The verdict is not sustained by sufficient evidence, but is flagrantly and palpably against the weight of the evidence upon three material findings, viz: (a) That appellant was guilty of negligence. I. C. R. R. Co. v. Jolly (Ky.) 78 S. W. 477; L. H. & St. L. R. R. Co. v. Jolly's Admrx (Ky.) 90 S. W. 977; L. & N. R. R. Co. v. McGary's Admr (Ky.) 47 S. W. 440; L. & N. R. R. Co. v. Hurt, 116 Ky. 553; L. & E. Mail Company v. Gilliland (Ky.) 72 S. W. 1101; L. & N. R. R. Co. v. Daniel, 91 S. W. 691; L. & N. R. R. v. Daniel, 104 S. W. 344. (b) That appellee was not guilty of contributory negligence, as the term was used in the instructions. Hutchison on Carriers, Sec. 1184; Thompson on Negligence, Sec. 3046; L. & N. v. Ricketts, 93 Ky. 119; L. & N. v. Ricketts, 96 Ky. 47; L. & N. v. Ricketts, 37 S. W. 952; L. & N. v. Ricketts, 52 S. W. 939; Hutchison on Carriers, 115 Ky. 580; Strother v. Jones (Ky.) 49 S. W. 336. (c) That appellee was injured in the manner he claims upon the arrival of the train and not upon its departure from the station. C. & O. & T. P. Ry. Co. v. Halcomb, 72 S. W. 205; L. & N. R. R. Co. v. Carter (Ky.) 66 S. W. 508; C. N. O. & T. P. Ry. Co. v. Zachary's Adm'r (Ky.), 106 S. W. 842.

2. Incompetent testimony heard on the trial over appellant's objection and exception. (Thompson on Negligence, Sec. 2691.)

3. Appellee's counsel was guilty of misconduct in persistently asking incompetent questions after the court had ruled that the subject matter of the question was not one of proper inquiry, to the prejudice of the substantial rights of appellant. (L. & N. vs. Reaume, 107 S. W. 290.)

4. The court erred in instructing the jury.

HUGH P. COOPER for appellee.

### CITATIONS.

L. & N. R. R. Co. v. Ritter's Adm'r, 85 Ky. 368.
L. & N. R. R. Co. v. Eakin's Adm'r, 103 Ky. 476.

OPINION OF THE COURT BY JUDGE LASSING.—Reversing.

This is the second appeal of this case. The opinion on the former appeal is found in 104 S. W. 752. As the facts are fully stated in that opinion, they are not restated here. Upon the return of the case a trial was

had, which resulted in a verdict for $1,000 in favor of the plaintiff, and to reverse the judgment predicated on that verdict this appeal is prosecuted.

Four grounds are relied upon for reversal: First, that the verdict is flagrantly against the evidence; second, that the court erred in admitting incompetent evidence; third, because of misconduct of plaintiff's counsel, and, fourth, for errors in instructing the jury.

We will consider these questions in their natural order. The incompetent evidence complained of as prejudicial is this: Plaintiff was permitted to prove, over the objection of defendant, the extent of its freight business, which was conducted at its freight depot on the south side of the main track; also that the local agent and his assistants had an office at the freight depot, where the freight business of defendant company was transacted. The evident purpose of this testimony was to establish in the plaintiff a right to alight from the train on that side rather than on the north side of the track, or rather to excuse him from being negligent in so doing. Plaintiff was a passenger, and, so far as the record shows, had no business to transact at the freight office, and no occasion to go there, for it does not appear that he knew of the existence of the freight depot on that side of the track. It was about 10 o'clock at night when the train reached the station, and the freight depot was then closed. The approach of the train to the depot had been properly announced, and the way from the train to the platform was lighted by the brakeman, who had a lantern to light the way if additional light was needed. This evidence did not tend in the least to throw any light upon the manner in which plaintiff

was injured, and could serve no purpose other than to confuse the minds of the jury.

Again, plaintiff introduced, over the objection of the defendant, evidence as to what lights were maintained at the depot. It is unquestionably the duty of the railroad company to keep its depot platform and approaches thereto properly lighted, so as to afford passengers an opportunity to pass safely to and from the train; and a failure to have the platform and the approaches thereto lighted would render the company liable in damages to one injured as a direct result of such neglect. But the negligence complained of and relied upon in this case was the sudden starting of the train; and, having specified the particular act of negligence relied upon, plaintiff can not recover by showing other acts of negligence. No claim is made in the pleadings that the platform was not sufficiently lighted, or because of insufficient lights plaintiff could not see where or how to go, but the sole ground relied upon is that the train started with a sudden jerk, and threw him to the ground and under the wheels, to his injury. This evidence, not bearing upon the issue made by the pleadings, was incompetent, and should not have been admitted, and this is especially true as to the evidence of the witness Hagan, who testified that he did not come to Lebanon until in the spring of 1906, and, of course, could know nothing of the way and extent to which the platform was lighted in the summer of 1905, when the accident occurred. He knew nothing of how the platform was lighted at the time of the injury, and could not testify upon this point even if this character of testimony was permissible. All incompetent evidence is not prejudicial to such an extent as to warrant a reversal; but, where the

ground relied upon for a recovery is the commission of a negligent act in one respect, it is prejudicial to permit evidence tending to establish another and different negligent act to go to the jury, for the jury would no doubt receive the evidence tending to establish the latter act as having some important bearing upon the act of negligence charged, and hence such evidence would be prejudicial.

The misconduct of counsel complained of in this case was the repeated asking of incompetent questions over the objection of counsel for defendant, and in the face of the rulings of the court that such questions were incompetent. Counsel for plaintiff attempted to establish that the servants in charge of defendant's trains on other occasions had been guilty of acts of negligence similar in character to that for which a recovery was sought in this case. This the court held to be incompetent; but, in spite of his ruling to this effect, counsel for plaintiff persisted in pursuing this line of interrogation almost to the point of exasperation. To each new question bearing upon the same subject counsel for defendant would object, and the objection was promptly sustained, and an exception taken, and the question immediately asked in another form with the same result. These questions were incompetent, and the line of interrogation attempted to be pursued wholly improper; and, when the trial court had so decided and ruled, counsel for plaintiff should have desisted in his efforts to bring the matter before the jury. Of course a large discretion is allowed an attorney in presenting his case, and so long as it does not appear that he is knowingly and intentionally violating the rules of practice in the introduction of evidence, or otherwise, the fact that he does

so will furnish no grounds of complaint to opposing counsel, where the error is corrected by the court; but in a case like that here presented, where counsel persistently pursues a line of interrogation which the court .rules to be wrong, and which one reasonably well acquainted with the rules governing the admission of evidence must know to be improper, the conclusion is irresistible that it is done for the purpose of influencing and prejudicing the minds of the jury in arriving at a verdict. No court should countenance such conduct; and, when the trial judge, because of his kindness of heart, or long suffering and forbearing nature, permits it to go unpunished, there remains nothing to do but deprive the one offending of the fruits of his victory thus earned. This case must be reversed for other reasons; but, if there were none such, this misconduct upon the part of plaintiff's counsel would furnish abundant grounds for reversal.

The rules of practice now recognized and approved by our court, and courts generally, are the result of ages of experience in the administration of justice. They are necessarily general in their nature and application, and subject to many exceptions, variations and modifications, and so it is not to be expected that, in their practical application to individual cases, mistakes and errors will not be, at least occasionally, made by counsel. Such, in fact, may be expected; but, where corrected by the trial court, no ground of complaint exists because of such mistake. Since no one is infallible, and all are liable at times to be mistaken and honestly so, in the exercise of the judgment as to what is competent to be proven in support of a given proposition, errors of this character will necessarily occur with more or less frequency, but such are errors of judgment; they are not of the class with which we

are dealing. Where the record shows that an attorney persistently and dogmatically pursues a line of interrogation over the objection of opposing counsel and the adverse ruling of the court to the extent here shown, the conclusion is irresistible that such was not due to error of judgment, but in pursuance of a determination to present the matters about which the questions are asked to the jury in spite of court and counsel. Such conduct should neither be tolerated nor excused by the trial court, and no litigant should be permitted to profit by such practice.

In the case of L. & N. R. R. Co. v. Reaume (Ky.) 128 Ky. 90, 107 S. W. 290, it was expressly held to be a reversible error to repeatedly and persistently ask incompetent questions. And in the case of Marcum v. Hargis (Ky.) 104 S. W. 693, 31 R. 1117, this court held that, where a line of questions had been ruled to be incompetent, the trial court did not err in requiring counsel, before he would permit the question to be asked, to first submit it to him, not in the hearing of the jury, in order that he might determine its competency before he would permit it to be asked. The reason for the rule is apparent. Where an incompetent question is asked, opposing counsel must either permit it to be answered or enter his objection; and, although the trial court refuses to permit the question to be answered the very fact that the same question in a different form is repeatedly asked, and a vigorous objection interposed to its answer, emphasizes its importance in the minds of the jury, and necessarily prejudices the case, and for this reason, if for no other, where this practice is pursued to the extent indicated in the record in this case, the judgment should be reversed.

Excluding from our consideration the evidence which we have held to be incompetent, there was no material difference between the evidence brought out on the last trial and that produced on the former trial. This being so, only the instructions which were approved as being the law of the case on the former trial should have been given. The court, however, in addition to such instructions, gave the two following additional instructions: "No. 7. If you believe from the evidence that there was no platform opposite where plaintiff attempted to get off the train, or that there was as good a platform on the side where he did attempt to get off, and that he did not increase the danger of injury to himself in any way by attempting to get off on the right hand side, you can not find for the defendant under instruction No. 6. No. 7 1-2. The mere fact that the plaintiff was intoxicated, if he was intoxicated, does not affect his right to recover in this case one way or the other, unless you believe from the evidence that by reason of his intoxication he failed to exercise such attention and care for his own safety as might be usually expected of a sober person of ordinary prudence under like circumstances." It has frequently been held that, where certain instructions have been approved as the law of the case, upon a retrial only such should be given, and it is error for the trial court to fail or refuse to give those, or to give other or additional instructions. Of course, if the facts upon the retrial were different from those upon the former trial, the trial court would be justified in making the instructions conform to the facts. Such a condition, however, does not exist in the present case, and the trial court should not have given either instruction 7 or 7 1-2.

As the case must be retried, we again refrain from passing upon the question as to whether or not the verdict is against the evidence; but, for the reasons indicated, the judgment is reversed, and the case remanded for another trial consistent herewith.

Petition for rehearing by appellant overruled.