## Kouns, et al. v. Townsend.

(Decided June 2, 1915.)

### Appeal from Boyd Circuit Court.

1. Damages—Action for Against Peace Officer.—A peace officer is not liable for injury inflicted by him in the use of reasonably necessary force to preserve the peace and maintain order, or to overcome resistance to his authority; but, if unnecessary violence

is used to accomplish the purpose, he becomes a trespasser, and is liable as such.

2.  Damages—Action Against Officer for Assault Upon Prisoner.— Where an officer admits having assaulted his prisoner, the only questions for the jury are, whether the officer used more force than was necessary to arrest the prisoner, and the amount of the recovery in case a recovery is authorized by the facts.

WILLIS & DAVIS and CLYDE R. LEVI for appellants.

JAMES A. WILLIAMS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER—Affirming.

The appellant, William H. Kouns, was a policeman of the city of Ashland during the year 1912, with his co-appellant, The American Bonding Company, of Baltimore, as surety upon his bond.

On Christmas Eve, of 1912, the appellee, Townsend, was drunk while on the streets of Ashland, and Kouns undertook to arrest him. When Kouns jerked Townsend's hand out of his pocket in order to put handcuffs on him, Townsend claimed that Kouns either took from him, or caused him to lose, two silver dollars.

After putting the handcuffs upon Townsend, Kouns started with him toward the county jail; and, after they had gone a few blocks, Townsend took hold of a fence and refused to go any further. At the same time he again demanded that Kouns return him the two silver dollars which he again claimed Kouns had taken from him at the time of the arrest.

The evidence is conflicting as to what preceded the assault which occurred while Townsend was holding to the fence, but there is little dispute as to the assault. Kouns says Townsend became very unruly and abusive, and refused to go with him; whereupon Kouns struck him over the front of his head with a policeman's "billy," cutting a long gash in Townsend's forehead, and knocking him to his knees. The police patrol was then called and Townsend was carried to jail.

In this action by Townsend against Kouns and his surety for assault by Kouns, Townsend recovered a verdict and judgment for $700.00; and from that judgment Kouns and the bonding company prosecute this appeal.

A peace-officer is not liable for injuries inflicted by him in the use of reasonably necessary force to preserve

the peace and maintain order, or to overcome resistance to his authority; but if unnecessary violence is used to accomplish the purpose, he becomes a trespasser and is liable as such. Finnell v. Bohannon, 19 Ky. L. R., 1587, 44 S. W., 94. The striking by Kouns being admitted, the only questions for the jury were, whether Kouns used more force than was necessary in arresting Townsend, and the amount of the recovery, in case a recovery was authorized by the proof.

Townsend was a young man twenty years of age, and of steady habits; but, on the occasion mentioned, he had met several friends whom he had not seen for quite a while, and they engaged in drinking to an unusual degree.

Appellants assign four grounds for a reversal.

1. It is insisted that the court erred in admitting incompetent evidence. Mrs. Ellen Townsend, the appellee's mother, testified as to the appellee's health and his ability to work, before and after the assault, saying that her son had become a changed man in many respects; and she said that since the assault he complained frequently of pains in his head, and had become irregular in his work and habits.

We see no objection to this evidence, since it related to appellee's damage, which was one of the facts in issue.

It is further objected that several physicians were allowed to testify concerning appellee's injury, and give their opinions as to the permanent results that had and might result from the assault; and, in this connection, counsel say the testimony of the doctors had a disastrous effect, which is shown by the verdict of $700.00 "for one blow to a resisting, drunk, and disorderly prisoner, with a light walnut stick." The light walnut stick was a policeman's "billy," 18 inches long and one inch in diameter.

We see no merit in the criticism of this testimony.

2. It is next insisted that the judgment should be reversed on account of the gross misconduct of counsel for Townsend. This misconduct consisted in the alleged attempt of Townsend's attorney to show that Kouns had been discharged from the police force for drinking while on duty. And, although it is conceded by the appellants that the court sustained their objections to the testimony along this line, they insist that

Townsend's counsel so persistently pursued the line of interrogation of witnesses which the court had ruled out, as to bring the case within the rule announced in L. & N. R. R. Co. v. Payne, 133 Ky., 539, where it was held that a repetition of incompetent questions would authorize a reversal from a judgment on account of the misconduct of counsel. But the examination in this case was not sufficiently flagrant to bring it within the rule announced in the Payne case. The trial court properly sustained appellant's objections to testimony relating to Kouns' drinking habits, and the questions were not unnecessarily repeated.

3. It is next claimed the verdict is excessive. This objection seems to be based upon the fact that Kouns hit Townsend over the head with his "billy" only once, and that the scar that remained on Townsend's forehead at the time of the trial failed to show that his injuries were of a permanent nature.

The proof shows that before the assault Townsend was a steady, industrious, hard-working boy, and that after the assault his temperament seemed to have undergone a change; he became irregular in his work; would change from one job to another, and would work only a few days continuously. The physicians gave their opinions that the stroke which Townsend received on his head might, in all probability, affect his entire future life.

It is quite difficult, if not impossible, to correctly estimate the results that may flow from a stroke upon one's skull. Moreover, if Townsend's testimony was true, and of this the jury was the judge, the assault upon him was unwarranted, and would have justified a recovery of punitive damages, if they had been asked.

According to Kouns' own testimony, he knocked Townsend down with his "billy" merely because he would not go with Kouns to the jail. But that refusal, if true, did not justify Kouns in the extreme course he followed. He could have called the patrol wagon before the assault as easily as he did later.

4. Finally, it is insisted that the first instruction was erroneous, in that it submitted to the jury the question of Townsend's permanent injuries, it being claimed by appellants that there was no evidence to support the instruction. We think there was abundant evidence to carry that question to the jury.

Moreover, without setting out the instruction, it is sufficient to say that it fairly presented the appellant's side of the case; and, in some respects, it was more favorable to Kouns than he was entitled to under the law.

Upon the whole case, we perceive no error, either substantial or otherwise.

Judgment affirmed.