MASTRAN CONSTRUCTION COMPANY, Plaintiff-Appellant,
v. MAHONING EXPRESS COMPANY, Defendant-Appellee.

Ohio Appeals, Seventh District, Mahoning County.

No. 3294. Decided January 16, 1950.

R. G. Mock, A. H. Rheuban, Youngstown, for plaintiff-appellant.

McKain, Ohl & Swanner, Youngstown, for defendant-appellee.

**OPINION**

By PHILLIPS, PJ.

The parties to this appeal, both Ohio corporations, who will be referred to in this opinion as they stood in the court of common pleas, executed a paper writing, dated "the — day of ———," whereby plaintiff leased lands and buildings, which buildings were approximately 35 years old, situated

in Youngstown, Mahoning County, Ohio, to defendant for the term beginning July 19, 1946, and ending October 18, 1947, which defendant used as an office and a warehouse.

In the first cause of action of its petition, filed in the court of common pleas, plaintiff sought a money judgment against defendant for "the unlawful and malicious destruction" by removal of partitions, wiring, plaster, lighting fixtures, service pipes, and in other respects not necessary to recite; and repair of the leased premises, which costs of repair the plaintiff's evidence discloses was $4602.73. In its second cause of action plaintiff sought a money judgment for the rental for the admitted storage of concrete pipes for a period of about eleven months, on a parcel of land owned by defendant but not described in the lease.

Eleven members of the jury returned a verdict for the plaintiff in the amount of $165.00, upon which the trial judge subsequently duly entered judgment. Plaintiff appealed to this court from that judgment on questions of law.

By assignments of error defendant contends that "the trial judge committed error in the admission of testimony over the objection of counsel for the plaintiff"; abused his "discretion in the rejection of testimony offered by plaintiff in rebuttal"; that "defendant's counsel was guilty of misconduct in cross-examination of witness Donald Mastran"; that "the trial court failed to charge upon the issues involved, as required by law," and committed error in his charge to the jury; and finally that "the verdict of the jury is contrary to law and against the weight of the evidence."

Both parties introduced evidence in their attempts to support the allegations of their respective pleadings, not necessary to state here further in order to understand the questions presented for our consideration and determination by plaintiff's assignments of error.

Saying to the jury "if this testimony is not connected up we will rule it out," and after the discussion of such testimony "then I want it followed through in the manner indicated," the trial judge permitted defendant to introduce testimony pertaining to negotiations between the parties prior to the execution of the lease involved in the case we review, and to conferences and statements made between various lawyers who were in the negotiation of a new lease, too lengthy to even attempt to detail here; and allegedly carried on "an entire discussion in the presence of the jury pertaining to the contents of" a letter, which was part of the evidence he permitted to be introduced, which defendant claimed constituted prejudicial and reversible error.

We have read this record, and I have reread it with this

assigned ground of error in view, and the conclusion is reached that the trial judge cannot be charged with reversible error in this respect.

In its case in chief plaintiff corporation called witness Wilt, president and operating manager of defendant corporation, for cross-examination, and inquired of him if he had received a letter dated April 17, 1947, which he admitted receiving by registered mail. In that letter plaintiff called defendant's attention to the fact that certain posts which had been damaged previously had been repaired and placed in the building in question after the execution of the lease. Also in that letter reference was made to damage to the building during the term of the lease in litigation.

Witness Wilt, who had not testified in defendant's case, was subsequently called by plaintiff upon rebuttal in an endeavor to offer in evidence the letter to which reference is made. The trial judge said "it is in evidence." Mr. Mock (counsel for plaintiff) remarked "no it is not." Whereupon the trial judge replied "it doesn't state causes. The plaintiff's exhibit number 3 is rejected at this time." Counsel claims that this conduct on the part of the trial judge constituted an abuse of discretion.

By brief counsel for the plaintiff states "counsel realizes control of rebuttal testimony is in the hands of the trial court."

We agree with that statement, and, as the result of thorough consideration of this assigned ground of error, we can not reach the conclusion at which counsel for the plaintiff asks us to arrive that the trial judge abused his discretion in rejecting this evidence in this case.

Counsel for plaintiff contend that counsel for defendant were guilty of misconduct in the cross-examination of the witness Donald Mastran, secretary of plaintiff corporation, by creating "a condition which was prejudicial to the rights of the plaintiff in that he persisted in asking questions on the theory that he was going to connect up and follow through this testimony by, I presume, the introducing of testimony as to what the lawyers said they had received by way of negotiation." We presume counsel contends that the introduction of such evidence constituted prejudicial error and reversible error.

It is settled law that:—

"The common-law rule that confidential communications between client and attorney are privileged and protected from inquiry when the client is a witness as well as when the attorney is a witness is fully recognized in this state,

and a client cannot be compelled to disclose communications which his attorney is not permitted to disclose." **In re Martin, Jr. 141 Oh St 87.**

It has been held that:—

"When the record shows that an attorney persistently pursued a clearly improper course of interrogation over the objection of opposing counsel and the adverse rulings of the court, the conclusion is irresistible that his conduct was not due to an error of judgment, but to a determination to present the improper matters to the jury in spite of both court and opposing counsel. Such conduct should neither be tolerated nor excused by the trial court. No litigant should be permitted to profit by such a practice. Louisville & N. R. Co. v. Payne, 133 Ky. 539." 109 A. L. R. 1089.

The record discloses that some of the questions to which counsel for plaintiff objected were sustained, and others overruled. As counsel for defendant suggests by brief, this phase of the examination was so lengthy "it would be useless to set out every question and answer in this brief," which of course we will not attempt to do in this opinion.

Accordingly we must content ourselves by saying that as a result of a careful analysis of this phase of the evidence we conclude that neither the trial judge, nor counsel for the defendant, can be charged with error, nor misconduct; (since in our opinion the evidence does not warrant the application of the cases of In re Martin and Louisville & N. R. Co. v. Payne, supra, to which reference is made supra).

Counsel for plaintiff contend:—

"The entire charge to the jury was so confusing that counsel at the close of the charge called the court's attention to the fact that he did not understand the charge on the second cause of action and he would like to have him clarify the matter or in the alternative to direct a verdict for the plaintiff on the second cause of action, which the court refused to do.

"* * * The charge is a contradictory charge, one that is not based upon the issues in the case. The issues are very simple. First, was there damage caused to the premises for the period from July 19, 1946 to October 18, 1947, such damage being damage which was not caused by the usual wear and tear on said building but was caused by wilful and malicious destruction of property, and if the jury found there was such destruc-

tion of property then the reasonable value for the repair or replacement of said property.

"The issue as to the second cause of action was simply that the defendant was required to pay a reasonable rental value for the property upon which it had stored these concrete pipes. The trial court assumed that the plaintiff had no right whatever to recover on the first cause of action unless the covenants of the lease had been breached which resulted in damage to the plaintiff and at r. p. 192 he said: '* * * If you do not find the respects in which the covenants have been breached, then your duties will be at an end and your verdict will be for the defendant.'"

At the conclusion of his general charge to the jury the trial judge inquired of counsel: "Does counsel have anything further to suggest?" Thereupon, as disclosed by the bill of exceptions, the following proceedings were had:—

"Mr. Mock: I would like to make a few suggestions. I would like to request the court at this time to charge the jury that when you refer to the date of the commencing of the occupancy you are referring to July 19th, 1946.

"Court: I have already referred to that; I have specifically covered that by stating—

"Mr. Mock: Secondly, that any recoveries, if any are made, must be between the period of July 1946 and October 19th, 1947. I also request the jury at this time be instructed to disregard any testimony, to any part of that particular part of the testimony involving any discussion with reference to any items prior to July 19th, 1946, which Mr. Swanner said he was going to connect up, and which he did not do. Third, I would like to request the court to charge in accordance with the lease, it was the duty of the lessee to keep all sewer connections free from obstacles.

"Court: That is a provision of the lease, and it is in there, and the lease will be with them in the jury room. I told them that.

"Mr. Mock: Now, Your Honor, I am not clear and I don't think the jury is clear on this particular item of the concrete pipe, and for that reason I am going to make a motion at this time that the court instruct the jury to render a verdict in favor of the plaintiff, for the reasonable value of the rental for this property for eleven months. Now the court has referred to an implied promise. The court has overlooked that the lease itself provided that the Mahoning Express Company shall remove the pipe. In other words, rather than being an implied contract, it is a written contract.

"The court: That brings it within the terms of the written contract?

"Mr. Mock: It is part of the lease.

"Court: It is very strong evidence in support of an implied contract, and still does not bring it within the terms of either an express or written contract, so for that reason I was very careful. If you will go much further—

"Mr. Mock: I was going to request this, Your Honor, in view of the question involving the rental, the reasonable rental value of this property, that the jury should take into consideration the fact that Mr. Wilt admitted receiving notice in October of 1946, and that it is specified in said letter 'at $30,00 a month,' and they continued to leave the pipe there for a period of eleven months. In arriving at what a reasonable rental should be, they should take that into consideration.

"Court: That is an issue of fact but the court does not dare to tell them to do it. I have tried to give you just a minute to think through what I have said because I have said it without having written it in advance, and I have tried to make it clear to the jury as to the situation of the storage of the pipes. It has been admitted by Mr. Swanner that they did occupy the premises. I have said to the jury that under the circumstances the plaintiff was entitled to a reasonable rental for the period in which those pipes were stored on those premises, and you see it is a matter of how long that period was. I may have my own ideas on it, which again is a matter of the evidence. I tried to make it as clear as I could. I think I have made it clear to the jury that the plaintiff is entitled to some rental.

"Mr. Mock: I want an exception to the refusal of the court to grant plaintiff's motion to direct the jury to return a verdict. General exception.

"Mr. Swanner: We will want an exception to that charge.

"Court: Is there anything further?

"Mr. Swanner: We have nothing further to suggest to the court.

"Court: Members of the jury, I think you are ready to retire to take up the consideration of the case. Now the thirteenth juror, since all the jurors are safely in their jury room and ready to take up the consideration of the case, you will return to the jury assembly room, and for the court, may I thank you for your services in the case. I happened to observe that you followed the case very closely, whether it has been interesting or not is beside the point, and we appreciate your services, and counsel, I am sure, will join me in that expression of appreciation."

Counsel for plaintiff find so much fault with the general charge of the trial judge that we cannot answer each objection to, nor fault found with, it separately and keep the length of this opinion within reasonable bounds. Accordingly we content ourselves with saying that we find no fault with the charge of the trial judge to the jury in any of the respects charged by counsel for plaintiff.

We have read the reasonably voluminous bill of exceptions submitted to us for review, and find no merit in the contention of counsel for plaintiff that the trial judge erred to plaintiff's prejudice in failing to "charge upon the issues as required by law"; and cannot conclude that the verdict of the jury and judgment of the trial judge entered thereon are manifestly against the weight of the evidence nor contrary to law.

The judgment of the court of common pleas is affirmed.

NICHOLS, J, BUCKLEY, J, concurs in judgment.