## Gunterman v. Cleaver, by, etc.

(Decided July 1, 1924.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Fourth Division).

1. Municipal Corporations—Evidence Driver of Automobile had no License Properly Excluded.—In action by bicyclist for personal injuries by automobile, court properly sustained objection to evidence that defendant's son, who was driving automobile, had no chauffeur's license.

2. Trial—Argument of Counsel Held Improper.—In action for injuries to bicyclist run down by automobile, wherein court properly sustained objection to evidence that defendant's son, who was driving, had no chauffeur's license, it was improper for plaintiff's counsel in argument to state that son did not have a chauffeur's license.

3. Trial—Erroneous for Counsel to Refer to Extraneous Matters in Argument.—In addressing jury it is improper for counsel, by re-

ference to extraneous matter, to appeal to passions and prejudices of jury, and, when language used is such as evinces a studied purpose to arouse prejudices based upon facts not in case, court cannot overlook it.

4. Trial—Instruction Not to Consider Argument Held Not to Cure Error.—Argument of counsel that defendant's son driving automobile had no chauffeur's license, when evidence thereof had been excluded by the court, held prejudicial, even though the court instructed the jury not to consider such argument.

5. Appeal and Error—Trial—Argument of Counsel Held Erroneous and Prejudicial.—Where court denied continuance, but under Civil Code of Practice, section 315, permitted introduction of affidavit as to what testimony of absent witness would be, it was error and prejudicial for counsel to argue to jury that affidavit was merely affidavit of defendant and that witness would not so testify if present.

6. Trial—Argument should be Confined to Facts Shown by Evidence. —Counsel in argument should be confined to facts shown by evidence and to reasonable deductions therefrom.

ROBT. G. WULF for appellant.

WILLIAM McKEE DUNCAN for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

The appellee recovered of appellant judgment for $500.00 On the 5th of March, 1921, about 9:30 a. m., appellee and his brother-in-law were riding west on Broadway in Louisville, Kentucky, on their bicycles, and about ten feet from the northwest corner of Thirty-fourth and Broadway, he was run into from the rear by an automobile belonging to appellant. His bicycle was knocked from under him and appellee fell to the street immediately in front of the automobile, which, strange to say, passed over him without any of the wheels striking him. He sustained a few slight bruises, one over his left eye, one on the back of his head and one on his right leg on the outside, just about on the level with his knee. His skin was not broken in any place and there was no bleeding. His clothing was torn more or less, and his bicycle was damaged.

The evidence was very conflicting and some witnesses testified to injuries received by appellee much in excess of what we have stated here. The appellant has assignd many reasons for the reversal of this case, but we deem it unnecessary to consider any of them except

the first one, which is the misconduct of appellee's counsel in his concluding argument to the jury. Appellee sought to prove that Colby Gunterman, the son of appellant and the driver of the automobile at the time of the accident, did not have a chauffeur's license. The court properly sustained an objection to that evidence, nevertheless, in his concluding argument to the jury, the appellee's counsel stated and argued to the jury that Colby Gunterman did not have a chauffeur's license. He could not have used this argument for but one purpose, and that was to have the jury infer that the appellant was negligent in permitting his automobile to be run by a person who was not duly licensed as a chauffeur. He cannot be heard to say that this was merely said under the excitement of argument; unthinkingly, and without his attention having been called to it, for he had not only endeavored to introduce such evidence, but had offered an instruction embodying that idea. The court had declined to admit the evidence and had refused to give the instruction, and for counsel thereafter in his concluding argument to say and argue that appellant's automobile at the time and place complained of was being run in violation of law as it was being driven by a boy who did not have a chauffeur's license as required by the law, was very improper. In addressing the jury it is improper for counsel, by reference to extraneous matters, to appeal to the passions and prejudices of the jury, and when the language used is such as evinces a studied purpose to arouse the prejudices of the jury based upon facts not in the case, the court cannot overlook it or consider that a party against whom such effort has been made has had a fair consideration of his case at the hands of the jury.

When this case was called for trial the appellant moved the court for a continuance on account of the absence of Charles Tompert, and with his motion the appellant filed his affidavit setting forth what would be the testimony of Tompert if present, and the efforts he had made to have him present. Appellee resisted appellant's motion for a continuance and the court required the appellant to submit to trial. During the introduction of the evidence for the appellant, he offered to read this affidavit as the deposition of Tompert. The appellee objected and the court overruled his objection, and permitted the affidavit to be read. In his concluding argument, counsel for appellee stated and argued to the

jury that the affidavit was merely the affidavit of the defendant and that the witness Tompert would not so testify, if present. The appellant made timely objection to this misconduct and to this argument, both as to the chauffeur's license and the affidavit of Dr. Gunterman, which the court had permitted to be read as the deposition of Tompert, and on each occasion the court admonished the jury not to consider such argument. Counsel for appellee now insists that by so doing, he created no prejudice in the minds of the jury against the defendant, and that he made no impression on the jury that was not removed by the admonition of the court; but we cannot agree with him. He persisted in trying to get before the jury that Colby Gunterman was not a licensed chauffeur, the court uniformly ruling against him, and then came the attack on the affidavit, which the court had allowed to be read as the deposition of Tompert. Again the court ruled against him. Such persistence upon the part of counsel was calculated to induce the jury to believe the court was improperly excluding such evidence and to cause the jury to disregard the court's admonitions. The appellee and his counsel were alike in their disregard of the court's admonitions. In the course of his testimony the appellee was asked what kind of a driver Colby Gunterman was, whether careful or reckless. The appellant's objction thereto was sustaind. The appellee started to answer anyway, whereupon the appellant again objected, and moved to exclude the answer, but before the court could rule on the matter, appellee blurted out: "I know that after the accident occurred to me I read in the paper where he had another accident." Such conduct should not be allowed to pass unnoticed. They cannot now say the jury observed the admonitions of the court and disregarded these matters, when they themselves did not observe the court's admonitions. We feel that as proper punishment the fruits of their victory should be taken from them. If this misconduct did not affect the jury and if the verdict obtained represents in correct measure the damages sustained by appellee, he will have no difficulty in making a similar recovery upon a second trial, in which we are sure those abuses will not be repeated.

Counsel, in argument, should be confined to the facts shown by the evidence and to reasonable deductions therefrom, and should not be allowed to depart from this rule. Section 315 of the Code deals with the subject of

continuances, and applying that section to this case, the appellee had to consent that this affidavit be read as the deposition of the absent witness. In the case of Madisonville, Hartford & Eastern Ry. v. Allen, 152 Ky. 706, this court held that it was not proper for counsel to refer to such affidavit otherwise than as the deposition of the absent witness. It is the duty of the presiding judges of circuit courts, in jury trials, upon their own motion to interfere in such cases and to stop such argument. This is due to truth and justice. If counsel persevere in arguing upon facts not before the jury or appealing to prejudices foreign to the case, exceptions may be taken by the other side, which may be good grounds for a new trial or for a reversal in this court.

Judgment is reversed, and this case is remanded for new trial consistent with this opinion.