## Murphy et al. v. Cordle.

November 1, 1946.

Dysard & Dysard for appellant.

P. H. Vincent for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Reversing.

Glen Edward Cordle, a child eight years of age, was injured when he fell from a moving taxicab owned by Curtis Murphy and Ida Murphy, doing business as Buick Taxicab Company, and driven by their employee James Hunt. The accident happened near the intersection of 13th Street and Blackburn Avenue in Ashland, Kentucky, on January 21, 1945. The action was brought against the owners of the taxicab in the name of Glen Edward Cordle by his mother, Ruby Cordle, as his next friend. On the trial of the case the jury returned a verdict for the plaintiff for $3,500, and the defendants seek a reversal of the judgment on the following grounds: (1) The damages are excessive; (2) the verdict was obtained by lot; (3) the instructions were erroneous; and (4) the plaintiff's counsel was guilty of misconduct in his argument to the jury. These grounds will be discussed in reverse order.

Mrs. Cordle entered the taxicab with her son at the Chesapeake & Ohio Railway passenger station and instructed the driver to take them to their home near Cannonsburg, about ten miles from Ashland. They entered the taxicab on the left side. Mrs. Cordle testified that she sat on the left side and her son who was ill, sat leaning against her. As the taxicab proceeded along 13th Street the door on the right side came open. The driver applied the brakes suddenly, and the boy was thrown through the open door onto the pavement. James Hunt, the driver, testified that he heard an exclamation by Mrs. Cordle, looked back, and saw the boy opening the door on the right side of the taxicab. He applied the brakes, but the boy fell through the open door before the taxicab came to a stop. The boy was taken to a hospital in Ashland, where he remained six days. He received a cut on his forehead above his left eye, a cut on his nose, and a cut on the back of his head which required seven stitches to close. There were no fractures, and the only permanent results are scars on his forehead and nose. There was some medical testimony to the effect that these scars can be easily removed by plastic surgery, but no surgeon experienced in this type of sur-

gery was introduced and the physicians who testified on the subject admitted they were not qualified to express an opinion as to the nature or cost of the operation.

Appellants insist that the attorney for the plaintiff was guilty of gross misconduct in his argument to the jury, and that this alone requires a reversal of the judgment. It is said in appellee's brief that the record fails to disclose that appellants objected at the time the argument was made, but, in making this statement, the writer of the brief is in error. This appears in the bill of exceptions:

"During the argument of counsels, the attorney for the plaintiff, in arguing the case to the jury, called upon the jury to make the rich defendants pay and called upon the jury to render such a verdict as they would be willing to take to have such marks upon their child through life or upon themselves through life and further stating that they had been trying to get Judge Dysard to give them money enough to have the scars removed, and he would not and because the jury knew how taxies run and called upon them now to make this rich taxi company pay and indicated that everyone agreed there would have to be an operation to remove the scar, and this boy was the one who would not come through that operation, which was objected to by the defendants at the time, followed by a motion to discharge the jury, which was overruled by the Court and to which the defendants excepted."

The argument was improper and prejudicial in several respects. Similar arguments have been condemned by this court on many occasions. The appeal of the plaintiff's counsel to the jury "to make the rich defendants pay" and "to make the rich taxi company pay" was an unwarranted reference to the financial condition of one of the parties intended to inflame the minds of the jury, and was an appeal to class prejudice which is universally condemned. Coombs' Adm'r v. Vibbert, 289 Ky. 463, 158 S. W. 2d 957; Walden v. Jones, 289 Ky. 395, 158 S. W. 2d 609, 141 A. L. R. 105; Southern-Harlan Coal Company v. Gallaier, 240 Ky. 106, 41 S. W. 2d 661; Singer Sewing Machine Company v. Dyer, 156 Ky. 156, 160 S. W. 917; United States v. Socony-Vacuum Oil Company, 310 U. S. 150, 60 S. Ct. 811, 84 L. Ed. 1129. Likewise, it was improper to call upon the

jury "to render such a verdict as they would be willing to take to have such marks upon their child through life or upon themselves through life." Southern-Harlan Coal Company v. Gallaier, 240 Ky. 106, 41 S. W. 2d 661; 53 Am. Jur., Trial, section 496. The attorney also improperly stated that "this boy was the one who would not come through that operation," since the statement is not supported by any evidence in the record. Not every improper statement in an argument to the jury constitutes prejudicial error, but in view of the large amount of the verdict in the light of the evidence, and the fact that the verdict was rendered by only nine members of the jury, we are unable to say that prejudice did not exist in the present case.

Appellants complain of instruction No. 1, which told the jury that "it was the duty of the driver of defendants' taxicab at the time and place mentioned in the evidence to exercise the highest degree of care in the operation and management of said cab for the safety of plaintiff as a passenger, and if the jury believe from the evidence that said driver failed to exercise such care upon the occasion mentioned in the evidence and that by such failure, if any, upon his part the plaintiff was caused to fall from said cab injuring him, then the law is for the plaintiff and the jury will so find." The charge of negligence in the petition was as follows:

"Plaintiff states that as they were proceeding out 13th Street of Ashland, Kentucky and at or near the intersection of 13th Street and Blackburn Avenue, in Ashland, Kentucky, the door on the right hand side of said taxi came open and the driver, James Hunt, seeing the door was open, carelessly and negligently and without due regard for the plaintiff's safety, applied the brakes with such force that the taxicab suddenly reduced its speed and threw this plaintiff from the seat where he was sitting, out through the door on to the street, causing him serious, painful and permanent injuries."

·It will be noted that the instruction is based on a general allegation of negligence whereas the petition alleges a specific act of negligence. Instructions must not be broader than the pleadings, and if not within the issues made by the pleadings are erroneous. The issue made by the pleadings in the present case was whether the driver of the taxicab carelessly and negligently ap-

plied the brakes with such sudden force that the taxicab suddenly reduced its speed and threw the plaintiff from the seat where he was sitting through the open door onto the street. This was the only act of negligence referred to in the petition, and the instruction should have been confined to this act. American Saving Life Insurance Company v. Riplinger, 249 Ky. 8, 60 S. W. 2d 115; Ingraham v. Blevins, 236 Ky. 505, 33 S. W. 2d 357; Penn Furniture Company v. Ratliff, 194 Ky. 162, 238 S. W. 393.

Appellants claim that the jury, after being unable to agree on the amount of the verdict, agreed that each juror would write on the back of the instructions the amount he thought the plaintiff should recover, the total amount then to be divided by twelve and the verdict to be returned for the nearest $100. The claim is supported by the affidavits of two jurors and the instructions with the figures on the back thereof. It has been held by this court that in the event of a prior agreement to arrive at a verdict by averaging the total amounts and thus obtaining a quotient verdict so agreed upon in advance, the verdict is void. However, the jury may experiment in considering the amounts suggested by the various jurors if there is no prior agreement to be bound by the result as a quotient verdict. Louisville & N. R. Co. v. Marshall's Adm'x, 289 Ky. 129, 158 S. W. 2d 137. In other words, where there is no antecedent agreement by the jury to be bound by the resulting quotient, or, independently, it adopts an amount equal to the quotient after it is ascertained, the verdict is good. Since the judgment must be reversed for the reasons heretofore indicated, it is unnecessary to determine whether the method employed by the jury in the present instance was objectionable. The question of excessive damages is reserved, as both the evidence and the verdict may be different on another trial.

The judgment is reversed with directions to grant appellants a new trial.