**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**H. R. SANDERS, and Ann Sanders, Appellees.**

Court of Appeals of Kentucky.

Dec. 3, 1965.

Robert Matthews, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Charles W. Huddleston, Bowling Green, Robert Lee Hall, Florence, for appellant.

Roy L. Steers, Franklin, for appellees.

HILL, Judge.

This is an appeal from a $5,500 verdict and judgment in a condemnation proceeding to take an irregular lot located on U. S. Highway 31–W four miles south of Franklin, Kentucky, for use in the construction of interstate highway I–65. The lot fronts 206 feet on 31–W, runs back a distance of 160 feet, is 98 feet wide at the back, and contains 1.5 acres.

As grounds for reversal appellant contends that (1) H. R. Sanders did not properly qualify as a witness on values; (2) counsel for appellees was guilty of such misconduct as was calculated to prejudice the minds of the jury; and (3) the court erred in admitting evidence of sales made after it was generally known I–65 was to be built but before the taking herein.

More serious than any of the above assigned errors was the testimony of appellee H. R. Sanders to the effect he purchased the land condemned herein in order to minimize his loss on a mortgage he "endorsed" for the owner. He filed the cancelled check showing that he paid $14,591.64 in payment of the balance due on the mortgage when he obtained title to the lot. When he became obligated on the mortgage there was a building on the lot, but it burned. The owner at the time of burning collected all the insurance and paid no part of it to Sanders. Under our rules, we do not consider this serious error because appellant did not object to this evidence or mention it in its brief. The court specifically asked counsel for appellant if he objected to this evidence, and he stated he did not but did object to the giving of any evidence by Sanders until such time as his qualification as a witness on values was established.

Appellee H. R. Sanders testified the value of the lot in controversy was $10,000 to $12,000 on March 16, 1964, the date of taking. He was a resident of Nashville, Tennessee. He testified he heard of

two sales of property near his lot, but he stated no fact or conclusion upon which the court or jury could conclude he was in any way qualified to testify on values in the vicinity of the subject property. He stated he purchased property on three streets and gave names of the streets, but he did not say in what city, state, or nation they were located. He was asked if he had recently "paid $175,000 for some property," which was wholly incompetent questioning. He answered yes, although the court admonished the jury not to consider this evidence. He did not qualify. Commonwealth Department of Highways v. Fister, Ky., 373 S.W.2d 720 (1963).

Appellees introduced one other witness on the question of the value of the lot. He fixed the value at $10,000. However, the qualification of this witness is not brought into question. Notwithstanding this evidence, we conclude it was prejudicial error to allow appellee to testify on value without a semblance of showing that he was qualified to do so.

Appellant next assails the conduct of counsel for appellee in asking improper questions and in making prejudicial statements in the presence of the jury. Following is a fair example of the statements objected to:

"Now does the Commonwealth of Kentucky want to come down here and tell these people they don't have sense enough to know fair value?"

* * * * * *

"We would not be here, Your Honor, if they wanted to compensate the man for his property."

* * * * * *

"(H)e comes here and takes this man's property. * * * (A)nd he's hauled into Court * * *. He is entitled to just compensation as though he were a willing seller, but he is not a willing seller." "Alright (sic), I infer he is not a willing seller."

* * * * * *

Yes, sir, that's the point I am making. He had to give up his property whether he wants to or not."

* * * * * *

"How much more honest can you be, work at it. Why, because we are in Court defending our rights. The right to own property is the most sacred right in the world. It is the one right that this government has not got hold of yet."

"The thing is, you don't have to do what the Commonwealth of Kentucky says you have to do. Now he has to give up his property, but you have the right to make them pay and they ought to, and why should they establish value. Why should you give more creditability (sic) to their witness than Jackson. Tell me one good reason why the State should put the value on this man's property. Just give me one good reason. Would you want it to happen to you? That is exactly what happened to Mr. Sanders. He didn't come here because he wanted to. He sure didn't volunteer to come up here and get in this Courthouse."

We could overlook an occasional act of misconduct on the part of an attorney, particularly so if a proper admonition is given by the court. However, the persistence of counsel for appellee to place his client in the class of the unwilling, downtrodden, and mistreated was calculated to have no other effect than to inflame and prejudice the minds of the jury or a part of the jury. The emphasis that appellee was not a "willing seller" is highly improper and below the belt. The right of eminent domain rests in the Commonwealth. It may be repugnant to some, but it is the law of the land, and a necessary one. Its unsalutary effect is offset by the public necessity and the plain and positive requirement that "just compensation" be given to the landowner. Whether the landowner is willing or unwilling has

no bearing on the proceedings. Kentucky Wagon Mfg. Co. v. Duganics, Ky., 113 S. W. 128 (1908).

There remains the question of whether it was prejudicial in this case to admit evidence of claimed comparable sales made after it became generally known that I–65 would be so located and before the date of the actual taking herein. The sales were to oil companies, and it is admitted they paid enormous prices for choice locations along the super highway. We hold in this particular case this evidence was incompetent and prejudicial to appellant. See Tharp v. Urban Renewal & Community Develop. Ag., Ky., 389 S. W.2d 453 (1965).

The judgment is reversed with directions to set it aside and grant appellant a new trial.