COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,

v.

Ed MUSICK et ux., Appellees.

Court of Appeals of Kentucky.

March 11, 1966.

Robert Matthews, Atty. Gen., H. C. Smith, Frankfort, Charles W. Huddleston, Bowling Green, for appellant.

Bennett F. Bratcher, Morgantown, B. M. Vincent, Brownsville, for appellees.

HILL, Judge.

This is an appeal from a verdict and judgment for $5,000 for 3.76 acres sought from appellees' 100-acre farm located six miles north of Brownsville to be used for the construction of the Nolin River Dam access road. The proceedings are authorized under Section 242 of the Constitution of Kentucky and KRS 177.081 et seq.

It is contended by appellant that: (1) incompetent evidence was admitted, (2) counsel for appellees was guilty of misconduct, and (3) the verdict is excessive.

Before exploring the first question raised on appeal, it may be well to note that appellees were awarded $2,000 by the county court commissioners and that in 1955 appellee Ed Musick purchased four-fifths of the farm from the brothers and sisters of his wife for $4,250. His wife inherited one-fifth to complete the ownership of the entire farm. After purchase, appellees spent about $1,000 on improvements.

Appellees' property is located on a good county road opposite a drive-in theatre near a number of residences. There is a market for residential building lots in the locality of the subject property.

The evidence of appellees' witnesses Saltsman, Vincent, Harrison and Lane is singled out as being incompetent because the witnesses were not properly qualified under the rules announced in Commonwealth, Department of Highways v. Slusher, Ky., 371 S.W.2d 851 (1963), and in 32 C.J.S. Evidence Section 546 (119).

Granted these witnesses were not expert real estate appraisers in the sense that they had had instruction and experience in the science of real estate appraisement, we cannot say they were so lacking in qualification that their entire testimony should have been stricken. Some men become well qualified by participating in the school of experience and "hard knocks."

Saltsman stated he owned and was resided on a farm three miles from the Musick farm, that he had bought and sold "a few farms", and that he was present at a sale of a farm adjoining appellees' farm.

The witness Vincent, also a farmer, testified he owned "seven or eight" tracts and that during his lifetime he had bought and sold seventeen separate tracts of land. He had never closely examined the Musick land but had a general idea of its situation.

Harrison owned a 170-acre tract nearby and another 225-acre tract farther out. He had known the Musick tract for fifty-eight years and stated that he had seen a lot of real estate bought and sold in this community.

The last witness, whose testimony it is contended should have been stricken for want of qualification, was Lane, a merchant, who had been over the Musick land. He had traded in real estate, especially building lots. He had sold "in the neighborhood of" twenty lots in the past three years.

It is concluded the four witnesses were qualified. The weight to which their testimony was entitled was for the jury to determine. The opinion in Slusher, supra, does not recite the qualification or lack of qualification of the "valuation testimony" therein condemned but agrees with the contention it was "uninformative and worthless" since the transcript supports that contention. Nevertheless, Slusher, in the very next breath, makes the following comment on page 853: "However, we have not adhered to the rule that witnesses must be expert land appraisers in order to state their opinions as to real estate values * * *."

The trial court did not err in overruling appellees' motion to strike the testimony of the four witnesses discussed above. Commonwealth, Dept. of Highways v. Tyree, Ky., 365 S.W.2d 472 (1965); Commonwealth, Dept. of Highways v. Citizens Ice & Fuel Co., Ky., 365 S.W.2d 113(1965).

 Next, it is insisted for appellant that the following comments by counsel for appellees were improper and prejudicial:

"I have known Ed Musick all my life and it is a pleasure to me to stand here and talk for him this afternoon. As I recall, this is the first time he has ever been in the courthouse to take part in a trial. Seventy years old, didn't come here to fight the law; he didn't come here to sue anybody; he came here purely because he was forced here * * *. He was brought here. He was sued and brought into this Court. Not for any wrong that he has done, and not for any wrong his wife has done, but because the State decided they wanted to build a highway, * * *."

This court has consistently considered like arguments improper, Commonwealth, Department of Highways v. Darch, Ky., 374 S.W.2d 490 (1964). Also in Commonwealth, Department of Highways v. Sanders, Ky., 396 S.W.2d 781 (1965), similar prolonged and persistent argument taken with other errors was held to be prejudicial. We have concluded in the present case that, taken alone, the argument relative to the involuntary appearance of appellees in this proceeding was not so prejudicial to appellant as to justify reversing the judgment.

 Finally, it is said the verdict is excessive. Only 3.76 acres are taken, but the farm is divided so that 4.88 acres are on the north side of the new road and 91.36 acres are on the south side. The new road passes between the residence and the barn. At the intersection of Ky-259 and the new road there will be a fill thirty feet high. Appellant's one witness on value fixed the difference between "before" and "after" value at $1,397; while five witnesses for appellees testified, like sheep jumping a fence, the difference was $6,000. This court is in no position to condemn the testimony of these five witnesses solely upon the premise that their difference between "before" and "after" values was exactly the same to the nickel. It seems to us, the verdict was more than liberal, but it falls just a hair short of appearing at first blush to have been the result of passion or prejudice. CR 52.01; and Commonwealth, Department of Highways v. Fultz, Ky., 360 S.W.2d 216 (1962).

The judgment is affirmed.