**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

**v.**

**Ella DAVIS et al., Appellees.**

Court of Appeals of Kentucky.

March 11, 1966.

Robert Matthews, Atty. Gen., H. C. Smith, Eugene H. Clark, Department of Highways, Manchester, for appellant.

C. B. Upton, Joe S. Feather, Williamsburg, for appellees.

MONTGOMERY, Judge.

The appellees, Ella Davis et al., as landowners, were awarded $7,500 as compensation for the taking of 11.92 acres by the Commonwealth of Kentucky, Department of Highways, for the construction of Interstate Highway 75. The Department appeals and urges that the court erred in the admission of certain testimony and in refusing to admonish the jury as to improper argument. It is also urged that the verdict is not supported by the evidence.

Appellees owned a farm of 46.54 acres located on U.S. Highway 25W. At this point the new highway is parallel to the old highway. It crosses appellees' land in such manner that 5.28 acres, together with all of the improvements, front on the old road. The remainder, after the right of way is taken, consists of 29.38 acres located across the new road and inaccessible to the other part of the farm. The 29.38 acres of land are mostly steep hillsides covered by second and third growth timber.

After testifying concerning the before and after values of the land, Grant Davis, whose wife owned a one-third interest in the land, testified on cross-examination that he figured the worth of the coal and timber in determining the values of the land. He said in evaluating the coal that he "figured 48,100 tons at twenty-five cents would bring $12,025.00." On direct examination he had fixed the before value of the land at $12,500.

Appellant's motion to strike the testimony of Grant Davis because it was based on an improper factor was overruled. Under the law, as fully discussed in Gulf Interstate Gas Co. v. Garvin, Ky., 368 S.W. 2d 309, and Commonwealth, Department of Highways v. Cardinal Hill Nursery, Inc., Ky., 380 S.W.2d 249, the failure to strike this testimony was reversible error. Additionally, it is doubtful that the evidence concerning the market value of the coal reached the standard discussed in Commonwealth, Department of Highways v. Gearhart, Ky., 383 S.W.2d 922. In Gearhart the separation of value as to timber was also condemned. A motion to strike the testimony is an appropriate remedy in such cases. Commonwealth, Department of Highways v. Tyree, Ky., 365 S.W.2d 472; Commonwealth, Department of Highways v. Mann, Ky., 387

S.W.2d 848; Commonwealth, Department of Highways v. Napier, Ky., 387 S.W.2d 861.

The closing argument to the jury of counsel for the landowners was replete with improper remarks, to many of which no objection was made. After making reference to the Commonwealth's forcing the condemnation proceedings on the appellees and after making an improper "Golden Rule" type argument, Stanley v. Ellegood, Ky., 382 S.W.2d 572, counsel said:

> "If you had just given us a little bit of what you are paying to try this, we might have talked business with you. All of you big high-price fellows drawing big salaries are down here for what purpose? To try to get something from these people against their will and not pay them fair just compensation. They are paid to do it."

Following such improper remarks which were not objected to, counsel for appellees said: "Regardless of where the money comes from, you got plenty of it. You're taxing us to death." Objection to this was sustained but appellant contends that the court should have sustained its motion to admonish the jury.

The tenor of the argument which culminated in the objection was an appeal to the passion and prejudice of the jury, in that it sought to portray the landowners as poor people unwilling to sell while the rich Commonwealth was portrayed as forcibly taking their land and having plenty of money with which to pay for it. Such reference in argument to the financial status of the parties has been condemned as reversible error. Walden v. Jones, 289 Ky. 395, 158 S.W.2d 609, 141 A.L.R. 105; Coombs' Adm'r v. Vibbert, 289 Ky. 463, 158 S.W.2d 957; Sparks v. Maeschal, 217 Ky. 235, 289 S.W. 308; Murphy v. Cordle, 303 Ky. 229, 197 S.W.2d 242. Additionally, the reference to unwillingness to sell is improper argument. Commonwealth, Department of Highways v. Darch, Ky., 374 S.W.2d 490;

Commonwealth, Department of Highways v. Sanders, Ky., 396 S.W.2d 781; and Commonwealth, Department of Highways v. Musick, Ky., 400 S.W.2d 513 (decided March 11, 1966).

It is unnecessary to consider other points raised.

Judgment reversed.