**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

**v.**

**Delphus ATTEBERRY et al., Appellees.**

Court of Appeals of Kentucky.

April 22, 1966.

---

Robert Matthews, Atty. Gen., H. C. Smith, Dept. of Highways, Frankfort, Tildon H. McMasters, Dept. of Highways, Elizabethtown, for appellant.

Davis Williams, Munfordville, for appellees.

MOREMEN, Chief Justice.

This is a highway condemnation case. Appellees, Delphus Atteberry and his wife, Juanita Atteberry, owned an 87 acre farm on the east side of U. S. 31W near Bonnieville. The Highway Department condemned 4.99 acres in fee simple, and .18 acres for a permanent easement to be used in the construction of Interstate 65. The condemned strip divided the farm into two parts; one tract of 57.4 acres fronts on, and is still accessible to Highway U. S. 31W. The remaining 24.19 acres are completely landlocked and inaccessible by means of any road. All of the improvements, however, are on the 57.4 acre tract.

The witnesses for the Highway Department estimated that the difference in the value of the land before and after the taking was about $600. The differences, as estimated by appellee Atteberry and four other witnesses, were as follows: $3500, $2000, $3000, $2500, and $1827.50. The jury returned a verdict of $3000 and, from the judgment entered on that verdict, this appeal has been taken.

At the trial the court permitted the witnesses to describe in detail the character of the land taken. It was generally agreed that the original farm contained 30 acres of tillable land, 25 acres of pasture land and 32 acres of woodland. The approximate 30 acres, which constituted the landlocked portion and the part taken for highway purposes, was woodland. A timber cruiser had testified that there were about 27000 feet of marketable timber on this land. The state's witnesses were permitted, as we have said, to describe in detail the nature of the land and, after appellees had introduced all the evidence in their behalf, the state recalled their principal witness, Robert Crabtree, in rebuttal and, among other things, he was questioned about the comparable sale of Homer Jagger's farm, and as to how he broke down his overall figures on a per acre basis. His answer related how much the house, barn and garage contributed to the overall value of the entire farm.

The court then requested the attorneys to come to the bench and there was had a discussion which is not reported. The attorney for the landowner objected to the question and the objection was sustained. Counsel rephrased his question and the witness gave a detailed answer concerning the method he used in making the valuation. He was permitted to testify that he had valued the Atteberry farm in the same manner as he had the other comparable farms and had placed different values on the various types of land. In the absence of an avowal which would disclose the nature of the testimony appellant desired to elicit—other than that which was introduced—we have no question before us for decision.

We gain the impression from appellant's brief that Mr. Crabtree was not permitted to make a specific breakdown of his appraisal of the Atteberry property and to place separate money values on the improvements, tillable acres, pasture land and woodland. It is stated that had he been permitted to do so the jury would have understood why he valued the land taken and landlocked at only $20 per acre. The answer to this contention lies in the fact that the witness was never asked this specific question and the court was not called to rule upon the question. It is therefore not before us.

Appellant's second contention is that the court erred in permitting counsel to argue to the jury that appellees were unwilling sellers and they should, therefore, be given the benefit of any doubt. This Court has on several occasions stated that such arguments are improper—Commonwealth, Dept. of Highways v. Darch, Ky., 374 S.W.2d 490; Commonwealth, Dept. of Highways v. Sanders, Ky., 396 S.W.2d 781 —particularly where there is prolonged and persistent argument which, when considered with other errors, may cause prejudice. In Commonwealth, Dept. of Highways v. Musick, Ky., 400 S.W.2d 513, decided March 11, 1966, we concluded, under similar con-

ditions, that such an argument taken alone was not so prejudicial as to justify a reversal and we assume the same position in this case.

Judgment affirmed.