**CLEMENT BROTHERS COMPANY, Inc., Appellant,**

**v.**

**Hallie B. EVERETT and Karl Everett, Appellees.**

Court of Appeals of Kentucky.

March 17, 1967.

Rehearing Denied June 2, 1967.

Terry L. Hatchett, Glasgow, for appellant.

Marion Vance, Redford & Redford, Glasgow, for appellees.

CULLEN, Commissioner.

Clement Brothers Company, Inc., appeals from a judgment upon a jury verdict awarding the appellees, Hallie B. Everett and her husband Karl, $5,000 for damages to their

dwelling by concussions or vibrations from blasting operations carried on by the appellant.

It is contended that there was insufficient evidence of negligence or of proximate cause, and that the instructions were erroneous as related to negligence. Liability in this kind of case does not rest on negligence. Lynn Mining Co. v. Kelly, Ky., 394 S.W.2d 755. Therefore it was unnecessary to prove negligence, and any error in the instructions as they related to negligence was not prejudicial. As concerns causation, we find in the record ample evidence that the blasting caused damage to the appellees' house.

Various complaints are made with respect to rulings on evidence but since we are reversing the judgment on other grounds, and since the evidence questions are not likely to recur, we reserve judgment on those questions.

The appeleees' house is a modest one consisting of five rooms, three of which rest on brick piers with no basement below them. On three sides the outside walls are covered with asbestos shingles; on the fourth there is only black tar paper. The claim of the appellees was that there was serious structural damage to the house, such as to require major repairs to substantially all of the basic structural components. However, the visible evidence of damage consisted mostly of minor things such as cracks, warped doors, separated wall paneling, etc., which could be repaired at relatively small cost. There was little evidence of major structural damage aside from the statements of the owners as to movements and shifting of the house from time to time.

The appellees did present as a witness a long-time carpenter who testified that he had looked over the house and had found evidence of "corner joists" having "pulled apart;" door jambs "out of plumb;" walls that "do not join;" and places where the house was "disjointed." However, he ad-

mitted that "you can't see inside. You can't see what you would get into when you get in there * * *." He gave his opinion that it would cost between $8,500 and $9,000 to "repair the whole project." This estimate was strictly "eye-ball" and was not based on any detailed estimate of materials or labor.

Considering the quality of the house, the nature of the physical evidences of damage, the absence of direct proof of major structural damage, and the complete lack of supporting data for the $8,500 to $9,000 estimate of repair cost, the evidence lacks quality of conviction that the damages are as high as found by the jury. See Commonwealth v. Tyree, Ky., 365 S.W.2d 472. The award strikes us as being so high as to suggest the influence of passion and prejudice. Probably the suggestion is not so strong as by itself alone to warrant setting aside the award, but it is strong enough to induce us to look to the record for sources of prejudice. We find them in the closing arguments of appellees' two counsel.

The arguments appear to have been designed specifically to appeal to and arouse the passions and prejudices of the jury. The appellant company was pictured as a rich, grasping, foreign corporation running ruthlessly roughshod over the poor, honest, long-suffering citizens of Barren County; its attorney as a rich man who would be upset if it were his "mansion" that suffered the blasting damage. Repeated references were made to the appellant's four-million-dollar contract. The jury was asked whether it would let "these people from North Carolina come in here and destroy a good woman's property?" The appellant was compared to a wolf devouring a lamb. The jury was asked to imagine a little child in the appellees' yard having been struck and killed by a large boulder from the blasting operation. The jurors were told that if they did not give the requested damages the appellees "will have to look at your faces then in their memory."

Arguments such as these repeatedly have been condemned by this Court. See Commonwealth, Department of Highways v. Sanders, Ky., 396 S.W.2d 781; Walden v. Jones, 289 Ky. 395, 158 S.W.2d 609, 141 A.L.R. 105; Gunterman v. Cleaver, 204 Ky. 62, 263 S.W. 683; Southern-Harlan Coal Co. v. Gallaier, 240 Ky. 106, 41 S.W.2d 661; Murphy v. Cordle, 303 Ky. 229, 197 S.W.2d 242; Wells v. King, 219 Ky. 201, 292 S.W. 777; Carter Coal Co. v. Hill, 166 Ky. 213, 179 S.W. 2.

It is true that counsel for appellant sat by and made no objection during the argument, and for the first time raised objection in his motion for a new trial. But we are not concerned here with whether the improper argument is reversible error; we simply are identifying it as an obvious source of the passion and prejudice that appears to have influenced the jury in fixing damages. We are reversing for excessive damages.

The judgment is reversed for further proceedings in conformity with this opinion.

All concur.