**Frank L. RUSSELL, Jr., Appellant,**

**v.**

**Anna LAWLESS, Appellee.**

Court of Appeals of Kentucky.

June 12, 1970.

Rehearing Denied Oct. 23, 1970.

John G. Crutchfield, Ewen, McKenzie & Peden, Louisville, for appellant.

Bernard S. Goldstein, Robert Hubbard, Louisville, for appellee.

DAVIS, Commissioner.

On March 16, 1969, at about 4 p. m. while appellee Anna Lawless, age 85, was walking in a marked crosswalk across Second Street from east to west on the north side of St. Catherine Street, she was struck by a boat being towed by a car driven by appellant Frank L. Russell, Jr., as he was negotiating a right turn from St. Catherine Street to proceed northwardly on Second Street. The trial court directed a verdict in favor of Mrs. Lawless, and the jury awarded her $25,000. Russell attacks the judgment asserting that a directed verdict should have been given in his behalf, or at least that the issues of negligence and contributory negligence should have been submitted to the jury.

Claimed error in an instruction is also asserted.

KRS 189.570 requires that a motorist yield the right-of-way to a pedestrian crossing the roadway within a marked or unmarked crosswalk at an intersection. A city ordinance of Louisville prescribed in part: "At the intersection controlled by traffic control signals, the pedestrian shall have the right-of-way over turning vehicles."

St. Catherine Street was designed for one-way westbound traffic; Second Street afforded one-way northbound traffic. An overhead traffic light in the center of the intersection of Second and St. Catherine Streets was in operation at the time of the accident, but there was no walk-and-wait signal for direction of pedestrians. On each of the streets were marked crosswalks, seven feet six inches in width. Both Second and St. Catherine Streets are 44 feet wide with four marked lanes for traffic. Appellant's automobile was 18 feet long, with a four-foot coupling between the rear of the automobile and the bow of the boat. The length of the boat was 21 feet, so that the total length of the car, coupling, and boat was 43 feet. The accident occurred in daylight while the weather was clear and the streets were dry.

Russell stopped his car in the northernmost lane of St. Catherine Street in obedience to a stop signal from the traffic light at the intersection. At that time Mrs. Lawless was standing on the sidewalk at the northeast corner of the intersection, also awaiting a change in the traffic signal from stop to go before proceeding westwardly across Second Street. There was a fire, attended by fire engines and other similar apparatus, just north of the intersection in the neighborhood of Second and Kentucky Streets. The evidence tends to indicate that persons in the vicinity were directing their attention to the efforts of the fire department to extinguish the nearby conflagration.

Appellant's version of the evidence may be best understood by quoting the following answer in his testimony:

"I think everything has been said that was—as I came up to Second and St. Catherine, I was on St. Catherine, proceeding west, I made the turn, the light— I had a red light, I stopped for the red light, the light changed to green. The intersection was clear and I waited five or ten seconds and I went on. Somewhere through the turn, I looked over my right shoulder and I saw Mrs. Lawless. She had her hands up in the air, back beside the boat. I stopped, got out, and assisted her to the coping there on the sidewalk, and the police were called by someone, and that's about it."

Appellant elaborated by testifying that Mrs. Lawless appeared to be looking toward the fire and that there were other people standing near her at the northeast corner of the intersection. According to the appellant, Mrs. Lawless was standing on the corner when he made his turn to go north on Second Street. Mrs. Lawless testified that appellant's automobile turned in front of her and that she saw the car as it proceeded in its right turn onto Second Street, but she did not see the boat until it struck her.

The evidence tends to support the conclusion that the automobile had completely cleared the crosswalk to the north and that a part of the boat may have been slightly north of the crosswalk when the collision occurred. All of the evidence reflects that the automobile was proceeding at a very slow rate of speed.

The appellant cites many cases in support of his contention that pedestrians in a crosswalk do not have an *absolute* right-of-way over the vehicles. Some of the cases cited by appellant are Conley v. Rice, Ky., 444 S.W.2d 898; French v. Moz-zali, Ky., 433 S.W.2d 122; and Whittaker v. Thornberry, 306 Ky. 820, 209 S.W.2d 498. Several other decisions of this court are cited and discussed by the appellant, but we consider it well settled that no *absolute* right-of-way obtains in favor of the pedestrian or motorist. In crosswalk situations the pedestrian does have a right-of-way, and the motorist does have a duty to yield the right-of-way to the pedestrian. The duty to yield presupposes an opportunity to yield. The evidence adduced for the appellant would support an inference that the appellee had not entered the crosswalk when appellant began the negotiation of his right turn. The jury could have believed that the circumstances warranted appellant's believing that appellee had no intention to cross Second Street.

Appellee lays heavy stress upon Railway Express Agency v. Bailey, 310 Ky. 781, 220 S.W.2d 997, in which this court observed that the trial court should have directed a verdict in favor of a pedestrian plaintiff who was struck in a crosswalk by a truck making a left turn from Broadway onto Fifteenth Street. Bailey was crossing Fifteenth Street with a favorable traffic-light signal and had proceeded from the east side to the west side of Fifteenth Street and had reached a point slightly more than four feet from the west curb of Fifteenth Street when he was struck. Obviously, Bailey had entered the crosswalk and nearly completed his travel across the street when he was hit. In that circumstance, the motorist had abundant opportunity to observe Bailey's presence in the crosswalk, plus ample time to yield to Bailey the right-of-way accorded him by the law. That factual situation is not present in the case at bar.

Neither of the litigants cites Eichstadt v. Underwood, Ky., 337 S.W.2d 684. There a pedestrian walked into the rear fender of an automobile, which had executed a left turn. That plaintiff pedestrian obtained a judgment against tihe motorist, which this court affirmed. The court rejected

the motorist's contention that the pedestrian was as a matter of law contributorily negligent. Eichstadt is authority for the proposition that issues of negligence and contributory negligence were present in the case at bar.

█ It is our conclusion that the trial court should have submitted to the jury the issues of negligence on the part of Russell and contributory negligence of Mrs. Lawless, and the direction of a verdict in behalf of Mrs. Lawless was prejudicially erroneous.

In the event of another trial of the case, the trial court will delete from the instruction fixing the measure of damages the reference to impairment of plaintiff's power to perform her normal household duties.

The judgment is reversed for further proceedings consistent with the opinion.

All concur.