O. J. SCHULZ, t/d/b/a Schulz's Grocery and Donald A. Strothman, Appellants,

v.

Muriel CHADWELL, Appellee.

Court of Appeals of Kentucky.

Nov. 18, 1977.

John G. Crutchfield, Ewen, MacKenzie & Peden, P.S.C., Louisville, for appellants.

William A. Miller, Leon J. Shaikun, Louisville, for appellee.

Before PARK, WHITE and WINTER-SHEIMER, JJ.

PARK, Judge.

This appeal raises several questions respecting the damages which may be awarded to the plaintiff-appellee, Muriel Chadwell, as compensation for personal injuries suffered by her on July 17, 1971, when the automobile in which she was a passenger was struck from the rear. The trial court directed a verdict in favor of Mrs. Chadwell against the owner and operator of the other vehicle, the defendants-appellants O. J. Schulz t/d/b/a Schulz's Grocery and Donald A. Strothman. On this appeal, no issue is raised with respect to liability. The appellants question only the damages awarded.

Under the instructions given by the court, the jury was permitted to award compensation for the following elements of damage: (1) for the mental and physical pain and suffering which Mrs. Chadwell had endured and which she would thereafter endure as a result of the accident; (2) for permanent impairment of her power "to labor and earn money" from the date of the trial, October 13, 1976; (3) for the fair and reasonable costs of "hospitals, physicians, appliances, drugs, and medical expenses" incurred by her as a direct result of the accident; (4) "for the fair value of the additional expenses to which the Plaintiff was put to hire additional help, both in the home and in the business;" (5) such sum as would reasonably compensate her "for her lost time from the date of the accident until the date of the trial."

On a form verdict furnished by the trial court, the jury made the following award to Mrs. Chadwell:

| | |
|---|---|
| Pain and suffering | $ 14,625.00 |
| Permanent impairment | $ 17,250.00 |
| Medical expenses | $ 5,795.00 |
| Additional help at home and in business | $ 5,542.00 |
| Lost time from date of accident to date of trial | $ 7,022.00 |
| Total Award | $ 50,234.00 |

The appellants raise the following issues on appeal: (1) whether the jury's award was a quotient verdict; (2) whether Mrs.

Chadwell was entitled to recover for "lost time" when she continued to receive partnership income; (3) whether the instruction on lost time and the instruction on additional expense for help in business constituted double recovery; (4) whether Mrs. Chadwell was entitled to recover for additional help at home; (5) whether the evidence justified an instruction on permanent impairment; and (6) whether the court's instruction permitted a recovery for medical expense not the result of the accident.

## QUOTIENT VERDICT ISSUE

In support of their motion for a new trial, the appellants asserted that the verdict of the jury was a quotient verdict. Upon examination by the court and counsel, the jurors testified that there had been disagreement respecting the amounts to be awarded; that each juror stated an amount for each element of damage, and that the total for each element of damages was then divided by twelve. The jurors then voted whether they would accept the result as their verdict on each element of damage. Ten jurors did agree and signed the verdict. There was no antecedent agreement by the jurors to be bound by the quotient. The average of the jurors' views was obtained merely as a basis for further deliberation. The trial court did not err in overruling the motion for a new trial on the ground that the jury returned a quotient verdict. *Louisville and N. R. Co. v. Marshall's Adm'x*, 289 Ky. 129, 158 S.W.2d 137 (1942); *Murphy v. Cordle*, 303 Ky. 229, 197 S.W.2d 242 (1946); *District Union Local 227 v. Fleischaker*, Ky., 384 S.W.2d 68 (1964).

## ISSUE OF EFFECT OF PARTNERSHIP INCOME ON RECOVERY FOR LOST TIME

At the time of her injury, Mrs. Chadwell and her daughter were equal partners in the operation of the Parkmoor Restaurant. This partnership was dissolved in September 1973. Mrs. Chadwell and her husband continued the operation of the restaurant as equal partners for another six months before the restaurant premises were turned back to the lessors. While her daughter carried on the Parkmoor Restaurant business, Mrs. Chadwell continued to receive her share of the profits from the partnership. The appellants contend that the instruction on lost time was erroneous because it did not allow a credit on Mrs. Chadwell's claim for the amount of income received by her from the partnership. The appellants argue that Mrs. Chadwell will obtain a double recovery if she is permitted to retain the award for lost time without any deduction for the partnership income received by her. This claim is without merit.

In *Shewry v. Heuer*, 255 Iowa 147, 121 N.W.2d 529 (1963), the injured plaintiff was an equal partner with his son in the operation of a metal fabricating and welding business. The trial court refused to submit to the jury the plaintiff's claim for lost time from the partnership business because the plaintiff continued to receive 50% of the net profits from the business during the period of time he was disabled. The Iowa Supreme Court reversed, holding that the plaintiff was entitled to recover for loss of time from the partnership business. The court stated:

> We think it was error not to submit plaintiff's claim for loss of time from his business and occupation as a result of his injur[y]. It is obvious and the authorities agree there is a difference between loss of time or earnings and loss of profits. Earnings are the fruit or award for labor, while profits are the gain from an investment or business after payment of all expenses.

121 N.W.2d at 535. Whether the partnership profits following the accident were relevant to the issue of lost time depends upon the nature of the partnership business.

As stated in the *Restatement (Second) of Torts*, § 924, *Comment c* (Tentative Draft No. 19, 1973):

> When the injured person was not receiving a salary, but owned and was operating a business which was deprived of his services by the injury, his damages are the value of his services in the business

during the period. If his services, rather than the capital invested or the services of others, were the predominant factor in producing the profits, evidence of the diminution of profits from the business will be received as bearing on his loss of earning capacity . . . . If, however, the income of the business is chiefly the result of capital invested or the services of others, the damages are determined by the market value of the services which the plaintiff was prevented from giving, that is, the amount commonly paid for such services in businesses of like nature. In this case, evidence as to the extent of the business and the nature of his services is admissible, but not evidence as to the amount of profits before and after the loss.

If invested capital did not play an important part in the profits of the Parkmoor Restaurant, the appellants would be entitled to argue to the jury that the continued profits of the restaurant indicated that Mrs. Chadwell's prior services to the partnership were of little value. However, it does not follow that there was no jury issue with respect to lost time.

■ Mrs. Chadwell's daughter testified that additional help was employed as a replacement for Mrs. Chadwell. The cost of the replacement help was relevant to the issue of the value of Mrs. Chadwell's services rendered in the partnership business. *Shewry v. Heuer, supra,* 121 N.W.2d at 535–36; cf. *Burke v. Fischer,* 298 Ky. 157, 182 S.W.2d 638 (1944); *Chesapeake & O. Ry. Co. v. Shanks,* 260 Ky. 416, 86 S.W.2d 128 (1935). The partnership itself had no claim for the expense of hiring additional help to replace Mrs. Chadwell. See the cases collected in the annotation, 36 A.L. R.3d 1375.

Prior to the injury, neither Mrs. Chadwell nor her daughter drew a salary from the partnership. Both worked an equal amount of time per week in the business. When it became evident that Mrs. Chadwell could not return to work, the daughter was paid a salary of $150.00 per week. Because the daughter was performing the same work

that Mrs. Chadwell had performed prior to the injury, we conclude that this was additional evidence upon which the jury could determine the reasonable value of the time lost by Mrs. Chadwell from work. There was sufficient evidence of probative value on the issue of lost time. The trial court did not err in submitting that issue to the jury.

## ISSUE OF DOUBLE RECOVERY FOR LOST TIME AND EXPENSE OF ADDITIONAL HELP IN BUSINESS

■ The appellants assert that the trial court erroneously permitted Mrs. Chadwell double recovery when it authorized damages for both lost time and the expense of the additional help in the business. We agree. As explained in the *Restatement (Second) of Torts,* § 924, *Comment f* (Tentative Draft No. 19, 1973), an injured person is entitled to damages for the reasonable expense of hiring substitute help to do his work, but, to the extent that a claim for substitute help is made, there cannot be any recovery for loss of time.

In *Bell v. Yellow Cab Co.,* 399 Pa. 332, 160 A.2d 437 (1960), the injured plaintiff and his wife operated a pet and sport supply store. Because the profits of the business depended in large part upon the plaintiff's personal management, the Pennsylvania Supreme Court held that evidence of declining earnings was properly admissible on the issue of the plaintiff's loss of earnings. However, the court held that the plaintiff could not also recover for the additional expense of employing a person in the business to perform work which the plaintiff had done previously. The claim for expense of additional help was a partial duplication of the claim for loss of earnings. In the same way, Mrs. Chadwell's claim for additional help in the business was a partial duplication of her claim for lost time.

We conclude that the trial court erred in authorizing the jury to award damages to Mrs. Chadwell for the expense of the additional help in the business without any corresponding decrease in the award for lost time.

## ISSUE OF RECOVERY FOR EXPENSE OF HOUSEHOLD HELP

Mrs. Chadwell sought to recover the sum of $3,230.38 for the expense of persons employed by her to come into her home to perform housework and to provide for her personal needs. When asked what work was performed for her, Mrs. Chadwell testified:

They would help me bathe and take whirlpool baths, bathe me, you know, I mean fix my meals and do my housework.

Mrs. Chadwell testified that she was unable to do these things for herself and that she had never employed household help prior to the accident.

The appellants assert that Mrs. Chadwell is not entitled to recover for household help. Based upon a statement in *Russell v. Lawless*, Ky., 458 S.W.2d 176, 179 (1970), the appellants contend that damage instructions should not include impairment of a plaintiff's power to perform normal household duties. However, it has also been held that a married woman is entitled to recover for permanent impairment of earning capacity although her only occupation was that of homemaker and housekeeper. *Spurlock v. Spurlock*, Ky., 349 S.W.2d 696 (1961). In the present case, Mrs. Chadwell is seeking to recover for the expense of additional household help as a result of her injury, rather than for impairment of her earning capacity as a homemaker. There is no Kentucky case directly in point and very little authority on the issue from other jurisdictions.

■ In actions for personal injury, recovery for expenses incurred has usually included only expenses incurred in the treatment or cure of the injury. *E. g., Louisville & N. R. Co. v. Logsdon*, 114 Ky. 746, 24 K.L.R. 1566, 71 S.W. 905 (1903). However, the rule is sometimes stated more broadly to include "reasonable medical and other expenses." *Restatement (Second) of Torts* § 924(c) (Tentative Draft No. 19, 1973). In *comment f* to that section, it is stated:

The injured person is entitled to damages for all expenses and for the value of services reasonably made necessary by the harm (See § 919). This includes reasonable expenses for physicians, for nurses, or hospitalization, and for medical supplies. It may also include reasonable expense for substitute help hired by the injured person to do his work . . . .

In this case, the jury could believe from the evidence that all of the household expenses incurred by Mrs. Chadwell were made necessary by injuries suffered by her in the accident. Much of the household help was in the form of nursing services, for which she was clearly entitled to recover. If a person is disabled from performing essential household tasks as a direct result of a tortious injury, the injured person should be able to recover the reasonable expense of hiring substitute help. See *Chavez v. United States*, 192 F.Supp. 263, 272–73 (D.Mont. 1961).

■ When the injured person is married, the spouse's claim for loss of consortium includes the loss of the household services of the wife or husband. *Beauchamp v. Davis*, 309 Ky. 397, 217 S.W.2d 822, 825 (1948). See also *Kotsiris v. Ling*, Ky., 451 S.W.2d 411, 412 (1970). In the *Restatement (Second) of Torts* § 693, *comment f,* the rule is explained as follows:

The traditional action running to the husband has included recovery for loss of services of the wife in the home on the theory that he was legally entitled to them. Less attention is given today to the question of whether there is a formal legal right to household services, the emphasis being placed upon those mutual contributions that are normally expected in the maintenance of a household.

If Mr. Chadwell had paid for the expense of household help and filed a claim for loss of consortium, he would have been entitled to recover for that expense. Because Mrs. Chadwell actually paid for the expense of additional household help, we cannot see any reason why she should not be permitted to recover for that expense. Her recovery for that item of expense would, in effect, be for the benefit of the family unit. In cases such as this, the danger of double recovery is not serious because the defendant may

require the spouse to be made a party to the action. See *Greyhound Corporation v. Dowling*, Ky., 334 S.W.2d 259, 260–61 (1960). We do not intend to suggest that a recovery for the expense of additional household expense is limited to cases in which the injured party is married. The inability to perform essential household tasks might impose a greater burden upon a single person who could not call upon the assistance of other family members.

 Recovery for the expense of household help should be limited to those cases in which it is clear that the expense would not otherwise have been incurred, and it should be limited to the period of recuperation. If there is permanent impairment of a person's ability to perform household tasks, that item of damage would be included within the claim for permanent impairment of earning capacity. See *Spurlock v. Spurlock, supra.* In the present case, it was not error to permit Mrs. Chadwell to recover the expense incurred by her for additional household help.[1] However, because this item was lumped with her claim for additional expense for help employed in the partnership business, the issue must be resubmitted to the jury upon a retrial of the case.

## ISSUE OF RECOVERY FOR PERMANENT IMPAIRMENT

 The appellants contend that Mrs. Chadwell was not entitled to an instruction on permanent impairment of her earning capacity. The appellants do not assert that she does not have permanent impairment of earning capacity, but they claim that any such impairment is attributable to conditions which are completely unrelated to the accident. According to the appellants, any disability is attributable to diabetes, osteoporosis, or emotional problems which are unrelated to the accident.

The jury was instructed not to award Mrs. Chadwell any sum for "injuries" which the jury believed "were caused at some other time or by some other means." This instruction given by the court followed an instruction on the issue tendered by the appellants. Based upon our examination of the record, we conclude that there was a jury issue respecting the existence and effect of any pre-existing diabetes, osteoporosis, or emotional problem. This item of damage was properly submitted to the jury. The appellants were not entitled to a direct verdict on this issue.

## ISSUE OF RECOVERY OF MEDICAL EXPENSES UNRELATED TO ACCIDENT

 The appellants assert that the bill of Dr. Shanklin in the amount of $778.00 included services for complaints unrelated to the accident. This argument is without merit. The bill itself reflects that unrelated charges were eliminated. Mrs. Chadwell testified that she made separate payments for the services rendered for matters unrelated to the accident. We conclude that the bill was properly introduced in evidence. It was for the jury to determine whether the entire bill from Dr. Shanklin was a direct result of the accident.

## RULING

The judgment of the circuit court is reversed with directions to grant a new trial on the following issues: (a) the reasonable value of Mrs. Chadwell's services for the time lost by her from work in the restaurant business; and (b) the reasonable and necessary expenses incurred by Mrs. Chadwell as a direct result of the accident for help in the home in performing nursing services and essential household tasks. There being no error with respect to the award for pain and suffering, for medical expenses or for permanent impairment of her earning capacity, a new trial need not be granted on those issues.

All concur.

---

1. Under the Motor Vehicle Reparations Act, such expenses can be recovered. KRS 304.39–020(5)(c).